C. G. PEADEN, *Petitioner*, v. THE STATE OF FLORIDA,
*Respondent.*

En Banc.

Opinion Filed June 27, 1925.

1. The common law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions.

2. Mere errors of procedure even resulting in an erroneous, as distinguished from an illegal or void judgment, may not warrant the issuance of a writ of certiorari.

3. If, upon on inspection of the transcript of the record, including a duly authenticated bill of exceptions, it appears that the judgment or other proceedings are not in accordance with the essential requirements of the law, the judgment of affirmance will be quashed; otherwise the writ of certiorari will be quashed.

Writ of Certiorari quashed

*J McHenry Jones*, for Petitioner;

*John B. Jones*, for the State.

WEST, C. J.—This case is here upon certiorari to the circuit court of Escambia County to review a judgment of that court affirming a judgment of the recorder's court of the City of Pensacola against the petitioner in which he was convicted of the offense of having in his possession intoxicating liquor.

The error urged in the circuit court and the contention made here is that the evidence contained in the bill of exceptions is not sufficient to sustain the conviction of the crime alleged. Specifically it is urged that according to the record the date of the alleged offense is not proved.

The writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions. Benton v. State, 74 Fla. 30, 76 South. Rep. 341. ''Mere errors of procedure even resulting in an erroneous, as distinguished from an illegal or void judgment, may not warrant the issuance of a writ of certiorari.'' Haile v. Gardner, 82 Fla. 355, 91 South. Rep. 376. The court issuing the writ.will neither affirm nor reverse the judgment nor try the case upon its merits. Basnet v. City of Jacksonville, 18 Fla..523. If, upon an inspection of the transcript of the record, including a duly authenticated bill of exceptions, it appears that the judgment or other proceedings are not in accordance with the essential requirements of the law, the judgment of affirmance will be quashed, otherwise the writ of certiorari will be quashed. Coe-Mortimer Co. v. State, 81 Fla. 701, 88 South Rep. 475.

There is not in this record such an absence of proof as to render the proceeding and judgment void. The clear inference is that the ''Sunday afternoon'' in evidence as the date upon which the alleged offense was committed was the preceding Sunday afternoon.

The writ of certiorari is quashed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.