STATE OF FLORIDA ex rel. CAROLYN S. REEVES, et al., *Relators,* v. J. C. O'ROURKE, J. H. SCALES, and G. M. ELLIOTT as the Board of Supervisors of Econfena Drainage District, *Respondents.*

Division B.

Opinion filed September 27, 1929.

*W. T. Hendry,* for Relators;

*L. W. Blanton,* for Respondents.

WHITFIELD, P. J.—Chapter 13629, Acts of 1929, created and established the Econfena Drainage District ''for the purpose of drainage and reclamation of the land herein-

after described and protecting the same from the effect of water for agricultural and sanitary purposes, and for public convenience, welfare, utility and benefit.''

The statute contains the following:

''That in all respects not herein otherwise specified or provided, the said Econfena Drainage District shall have all power and authority conferred by and be subject to the provisions of Chapter 6458, Laws of Florida, Acts of 1913, and all Acts amendatory thereof, and the general laws appertaining to drainage now in force, the same now being Sections 1455 to 1480, inclusive, and Sections 1483 to 1522, inclusive, of the Compiled General Laws of Florida, 1927, and all general laws of the State of Florida, appertaining to drainage, not inconsistent herewith, which may hereafter be enacted; and said Econfena Drainage District shall operate under and be subject to the provisions of said general laws to the same extent and effect as if said drainage district had been created and organized under the said Chapter 6458; and all general drainage laws of the State of Florida not inconsistent with the provisions of this Act are, and shall be, applicable to the said Econfena Drainage District as by this Act created and established.''

An alternative writ of mandamus seeks to require the respondent supervisors of the drainage district to appoint a chief engineer for the drainage district and to levy a tax therein as required by the statutes adopted by reference. The respondents by return averred the invalidity of the statutes that had been adopted by reference in the statute creating the Econfena Drainage District, because of an asserted invalidity of the general law for organizing drain-

age districts by administrative action. The relators filed a motion to quash the return as insufficient.

The Econfena Drainage District having been created and established *by statute,* the operating statutes adopted by reference became a part of the law of the Econfena Drainage District, and the validity or invalidity of the general law for the *organization* of drainage districts by proceedings taken under such general law, is not material.

The motion to quash the return is granted.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.