J. L. Dawling was tried and convicted in the County Judge's Court for Baker County upon a warrant charging him with unlawfully passing a worthless check, which was described as being dated at Lakeland, Florida, October 18, 1926, payable to the order of J. L. Dowling for ninety-two dollars and drawn upon the State Bank of Lakeland and signed by G. L. Oliver. *Page 525 
The case was tried at Macclenny. J. D. Dugger, the cashier of the Citizens Bank of Macclenny, testified that "one Duggar" brought the check to the bank endorsed by Dowling and told the cashier, who recognized the signature, that Dowling said send the money to him, which the cashier did. The check was deposited in due course and returned unpaid for insufficient funds. Dowling was notified and promised to "make the amount good," but failed to do so. He was notified by registered letter of the non-payment of the check. Upon that evidence the jury found the defendant guilty and judgment and sentence were entered. A motion for a new trial was overruled and Dowling appealed to the Circuit Court. The appeal was dismissed on motion of the State's Attorney upon the ground that the assignment of errors was not filed in the appellate court within ten days of the return day of the appeal. Thereupon Dowling obtained a certiorari from this court.
The State's Attorney acknowledged the receipt of a copy of the assignment of errors on October 14, 1927. The appeal was returnable November 5, 1927.
The record does not disclose when the assignment of errors was filed. The order of the Circuit Judge sustaining the motion to dismiss recited that the record had been examined and the court finds that "said appeal or assignment of error, have never been filed in the said Appellate Court." The certified copy of the record recites that the "defendant filed the following notice of Appeal." Following the recital both the notice of appeal and assignment of errors are copied, which bear the acknowledgment by the State's Attorney of the receipt of the assignment of errors.
The function of the writ of certiorari is fully discussed in the case of Malone v. City of Quincy, 66 Fla. 52, 62 So. R. 922.
It is there stated that it is not the purpose of the writ *Page 526 
to take the place of a writ of error but to cause the entire record of the inferior court to be brought up by certified copy for inspection in order that the "superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law."
In the case of Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. R. 475, the Court held that if upon an inspection of the record sent up under a writ of certiorari it appears that the trial court had no jurisdiction of the subject matter or of the defendant, "or that the charge as made constitutes no offense under the law, either because of the invalidity of the statute or because of the absence of essential allegations, or that the judgment or other proceedings or record had on the charge is not in accordance with the essential requirements of the law, the judgment of affirmance by the Circuit Court will be quashed.
It is an elementary principle of criminal pleading that the necessary elements of a criminal offense alleged to have been committed by someone must be charged in the information or indictment. See 12 Stand. Ency. Proc. 321; Streeter v. State,89 Fla. 400, 104 So. R. 858; Morgan v. State, 51 Fla. 76, 40 So. R. 828; Hunter v. State, 85 Fla. 91, 95 So. R. 115; Jackson v. State, 87 Fla. 262; 99 So. R. 548; Potter v. State, 91 Fla. 938, 109 So. R. 91; Ladd v. State, 17 Fla. 215; Davis v. State,51 Fla. 37, 40 So. R. 179; Randall v. State, 82 Fla. 333, 89 So. R. 875.
Applying the above rules to the complaint in this case, we find that the warrant issued against the defendant wholly failed to charge him with any offense under the statute.
The offense denounced by the statute is the "knowingly" uttering to another as good "any check with knowledge at the time thereof that the drawer of said check is without *Page 527 
sufficient funds on deposit with the drawee to insure the payment of same on presentation within a reasonable time after negotiation." See Section 7923, Comp. Gen. Laws 1927.
If it is proper in criminal pleading to take every intendment against the defendant in a proceeding like this, one would seek in vain for the necessary elements of the offense denounced by the statute. The charge is that the defendant "unlawfully did pass a certain worthless check," etc. In what respect the check was worthless; to whom he passed it; what is meant by "passing" it and in what respect was the act unlawful is left to mere conjecture. There was no allegation that the defendant knew at the time that he "passed it" that the drawer was without sufficient funds on deposit with the drawee to insure its payment within a reasonable time after negotiation.
The warrant was not issued until about seven months after the alleged transaction, which could not be considered a reasonable time after negotiation of the check. The proceeding has the appearance of an effort to utilize the criminal processes of the court to collect a debt due on a civil liability.
In this view of the case we are of the opinion that the judgment of the Circuit Court dismissing the appeal should be quashed and the cause remanded to the County Judge's Court with instructions to dismiss the case. It is so ordered.
TERRELL, C. J., AND BROWN, J., concur
WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment. *Page 528