T. A. Brinson, *Plaintiff in Error,* v. A. C. Tharin, *Defendant in Error.*

En Banc.

Opinion filed March 29, 1930.

*McCollum & Howell,* for Plaintiff in Error;

*Edgar W. Waybright* and *James Royall,* for Defendant in Error.

ELLIS, J.—In February, 1926, A. C. Tharin began an action at law against T. A. Brinson in the Civil Court of Record for Duval County. The declaration contains five common counts and one on a simple contract for a commission on the sale of real estate owned by the defendant, who employed the plaintiff to sell it. The declaration was finally completed and the last amendment to the sixth count filed November 23, 1926.

The case was tried on a plea of the general issue to all the counts and three special pleas to the sixth count. The first was equivalent to the general issue as it denied the plaintiff's employment by the defendant. The second and third were in substance the same as they denied that the plaintiff sold the land or effected the sale of it. There was a verdict for the plaintiff in the sum of $2773.95, and judg-

ment was duly entered on February 24, 1927, for the plaintiff. A motion for a new trial was made by the defendant and overruled by the court about a week afterward. An appeal was taken to the circuit court with a bill of exceptions which contained all the evidence according to the certificate of the judge and duly made up within the time allotted.

On February 2, 1928, the circuit court affirmed the judgment. A petition for a rehearing was filed eleven days afterward. An order staying the circuit court's mandate indefinitely was entered and on the 10th day of March, 1928, the circuit court caused to be entered an order denying the petition. Three days afterwards the defendant petitioned the circuit court for a stay of the mandate until the disposition of the cause by the supreme court as the defendant was then preparing a petition to that court for a writ of certiorari. The court granted an order staying the mandate for twenty days.

The writ of certiorari was issued on the 22nd day of March, 1928.

The petition for the writ was filed in this Court on the same day.

On May 4, 1928, Tharin moved this Court to quash the writ on many grounds. First, that it affirmatively appears from the record that the petition for the writ was not filed within thirty days after the rendering of the judgment by the circuit court; the second, third and fourth grounds aver that the record discloses that the civil court of record and the circuit court proceeded in the exercise of their jurisdictions respectively in accordance with the essential requirments of the law; the fifth, that no errors either of substantive law or procedure were committed by either court below and the evidence is sufficient to sustain the verdict. The remaining grounds of the motion are in substance that the

petition is bad because there is nothing in the evidence which precluded a verdict for the plaintiff nor an affirmance of the judgment by the appellate court.

If the first ground of the motion is well taken there will be. no necessity for discussing the remaining grounds, unless the record discloses that those requirements of the law deemed essential to the administration of justice were not observed by the trial court or the appellate court.

The judgment of the civil court of record was affirmed by the circuit court on February 2nd and the petition for a certiorari was filed in this Court on March 22nd. Thus forty-eight whole days elapsed after the judgment· of the circuit court before the petition was filed. Section 3322, Rev. Gen. Stats. 1920 (Sec. 5167 Comp. Gen. Laws 1927), provides that the petition for certiorari shall be filed within thirty days after the rendering of such judgment by the circuit court. The section in full is as follows:

"Where the circuit court has rendered a judgment in any case appealed from the civil court of record as provided by this Title, it shall be competent for the Supreme Court to require, by certiorari or otherwise, upon petition of any party thereto, any such case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it has been carried by writ of error to the Supreme Court; Provided, That such petition must be filed within thirty days after the rendering of such judgment by the circuit court. The Supreme Court shall make such rules and regulations as may be proper for the exercise of its powers under this Title."

The Constitution vests the Supreme Court with power to issue writs of certiorari. It has appellate jurisdiction only

in all cases at law and in equity originating in circuit courts and of appeals from the circuit courts in cases arising before judges of the county courts in matters pertaining to their probate jurisdiction and in the management of the estates of infants and in cases of the conviction of felony in the criminal courts and in all criminal cases originating in the circuit courts. See Sec. 5, Art. V, Const. of Fla.

The case at bar is not within either of the above classifications.

It is apparent therefore that this Court's appellate jurisdiction cannot be exercised in the present case, even though the statute seemingly undertakes to vest that power in the case at bar through the medium of a writ of certiorari, because the appellate jurisdiction of the Supreme Court cannot be enlarged by statute beyond constitutional limits by any attempt to extend that authority through the medium of a writ of certiorari. See American Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 So. R. 820; Atlantic Coast Line Ry. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. R. 66.

In the latter case the Supreme Court in an excellent opinion by Mr. Justice TERRELL, now Chief Justice, elucidated this point. There is no need for another discussion.

Previously to that opinion, Mr. Justice WHITFIELD, speaking for the Court in American Ry. Express Co. v. Weatherford, *supra,* and in American Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. R. 740, also fully discussed the purpose of the constitutional provisions upon the subject of this Court's appellate jurisdiction as well as the purpose of the Constitution in giving to the circuit courts "final appellate jurisdiction" in all cases civil and criminal arising in the courts enumerated in Section 11 of Art. V, then existing under the Constitution of 1885.

In the later Weatherford case reported in the 86 Fla. 626, it was held that that portion of Section 3322, Rev. Gen. Stats. 1920, providing that on a writ of certiorari issued to a judgment of the circuit court on an appeal from the civil court of record this Court should have the "same power and authority in the case as if it had been carried by writ of error to the Supreme Court" was in conflict with the purpose of the Constitution to give to circuit courts "final appellate jurisdiction" in all cases arising in courts that are inferior to the circuit courts with certain exceptions. It was also held in that case that the usual final order on certiorari is to quash the writ or to quash the judgment reviewed on the writ, citing First National Bank v. Gibbs, 78 Fla. 118, 82 So. R. 618. In that case the writ was directed to the circuit court which had reversed a judgment of the civil court of record for Duval county and the writ was quashed. The doctrine announced in Benton v. State, 74 Fla. 30, 76 So. R. 341, and Harrison v. Frink, 75 Fla. 22, 77 So. R. 663, was reaffirmed that upon a certiorari to the circuit court as an appellate court, this Court will not question the correctness of the judgment of the circuit court upon its merits.

In Haile v. Bullock, 83 Fla. 538, 91 So. R. 683, the Court held that a bill of exceptions having been duly authenticated and filed in the trial court has become under the statute a part of the record in the cause and as such would be examined by this Court on certiorari to determine whether the court proceeded according to the essential requirements of the law in the trial of the cause and in rendering judgment. The bill of exceptions disclosed that there was no evidence upon which the verdict and judgment could rest. It is apparent from the decisions of this Court that where a bill of exceptions will be examined on a common law certiorari it will be examined not for the

purpose of determining whether the evidence was of sufficient probative force to sustain the verdict, nor to reconcile conflicting testimony, but to ascertain if a palpable abuse of the power to determine the controverted facts was disclosed, such as that the evidence was not duly considered and serious misconduct was involved in the finding resulting in material injury to the petitioner. To state the rule differently, the bill will be examined only for the purpose of ascertaining whether there was any evidence to support the finding or whether anything occurred at the trial to show a lack of jurisdiction or the non-observance of any essential requirement of the law in the exercise of jurisdiction.

In the case of American Ry. Express Co. v. Weatherford, 86 Fla. 626, the bill of exceptions was examined to determine if the evidence of plaintiff's negligence contributing to the injury which would bar his recovery was met by any evidence upon which the jury might find that such contributory negligence did not exist.

It is only the common law writ of certiorari which may be issued by this Court to review the proceedings of the circuit court as an appellate court and as that power is secured by the Constitution in this court it may not be extended, limited nor regulated by statute. We have seen that the attempt to give it the effect of a writ of error and transferring the appellate jurisdiction of the circuit court to this Court is futile. Second Weatherford case, *supra*. Likewise vain is the attempt to limit the issuing of a certiorari in the matter of time to a period within thirty days after the judgment of the circuit court. Palmer v. Johnson, 97 Fla. 479, 121 So. R. 466.

The writ, confined to its legitimate scope, may issue within the court's discretion at any time to correct the procedure of courts wherein they have not observed those

requirements of the law which are deemed to be essential to the administration of justice. It is important, however, that the Court should not broaden or extend the scope of the writ.

A judgment void for lack of jurisdiction or a proceeding characterized by a kind of tyranny in the failure to observe essential requirements should be subject to correction at the discretion of the court vested with the power to issue the writ.

The writ is one which issues on discretion and not as a writ of right. Jacksonville, T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. R. 290; Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. R. 398; Holmberg v. Toomer, 78 Fla. 116, 82 So. R. 620; First National Bank of Gainesville v. Gibbs, *supra*.

The common law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error. The writ involves a limited review of the proceedings of an inferior jurisdiction. It is original in the sense that the subject matter of the suit or proceeding which it brings before the Court are not here reinvestigated, tried and determined upon the merits generally as upon appeal at law or writ of error. Basnet v. City of Jacksonville, 18 Fla. 523.

The first ground of the motion is not well taken. The fact that the petition for the writ of certiorari was filed more than thirty days after the judgment in the circuit court is immaterial.

All other grounds we think are valid. The record does not disclose that either the trial court or the appellate court exceeded their jurisdiction or proceeded in a manner that was not according to the essential requirements of the law. The bill of exceptions does not disclose the absence of any material element in the cause of action nor does it

clearly show that the jury disregarded the evidence, was guilty of any misbehavior injurious to the defendant, or that the court exceeded its jurisdiction.

There was evidence upon which the jury, without being amenable to the charge of prejudice, disregard of evidence, consideration of matters outside the record or misconduct, could have rested its verdict. The court had jurisdiction. It might have granted a new trial and such order may not have been reversible, but such matters are reached by appeal or writ of error. We have discovered no failure of the appellate court to observe the essential requirements of the law, so the motion to quash the writ should be granted.

It is ordered that the writ be and it is hereby quashed.

STRUM, BROWN AND BUFORD, J. J., concur.

TERRELL, C. J., AND WHITFIELD, J., dissent.