MEDLIN-PEACOCK BUICK COMPANY, a Corporation, *Plaintiff-in-Error*, vs. IDA L. BROWARD, alias IDA L. KAUFMANN, *Defendant-in-Error*.

Division A.
Opinion filed May 22, 1931.

*Axtell & Rinehart,* for Plaintiff in Error;

*Austin Miller,* for Defendant in Error.

PER CURIAM.—This case is before the Court on certiorari to the Circuit Court of Duval County.

In discussing the office of the writ of certiorari in the case of Atlantic Coast Line Railroad Company, a corporation, vs. Florida Fine Fruit Company, a corporation, 93 Fla. 161, 113 Sou. 384, this Court held:

"Review by certiorari does not ordinarily extend to a consideration of the probative force of conflicting testimony, but it may include substantial errors of procedure

that are calculated to materially injure the complaining party. In cases coming to this Court pursuant to Section 3322, Revised General Statutes of Florida, where the probative force of evidence affects the jurisdiction of the Court or where it is so manifestly contrary to the finding that is made on it as to show a palpable abuse of the power to determine the controverted facts on the evidence, or where the finding clearly indicates that the evidence was not duly considered or an erroneous rule of law was observed in making the finding, or where there was serious misconduct involved, in the finding, and material injury to the petitioner resulted therefrom, the Court may in the exercise of its sound discretion consider such matters and take appropriate action thereon in order that the law and justice may prevail. American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 South Rep. 740.

It is, therefore, well settled that certiorari can not be made to perform the function of an appeal or writ of error, and that Section 3322, Revised General Statutes of Florida, cannot be construed as extending or enlarging the appellate jurisdiction of this Court, but the function of the writ has been liberally interpreted and whether or not a cause brought here for review under the Act or otherwise presents a case cognizable for this Court to review on writ of certiorari, must depend on the showing made in the individual petition.''

It is not made to appear that the essential requirements of the law were not complied with in the Court below. Therefore, the writ heretofore issued should be quashed. It is so ordered.

Quashed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.