R. E. JACQUES v. WELLINGTON CORPORATION.

184 So. 766.
Division A.
Opinion Filed November 25, 1938.

*A. Patrick Cannon* and *Mercer & Simms,* for Plaintiff in Error;

*Wilson Trammell* and *Whitfield & Whitfield,* for Defendant in Error.

### On Rehearing Granted.

Per Curiam.—This cause comes on for hearing pursuant to our order of October 11th, 1938 (134 Fla. 211, 183 So. 718) wherein we said:

"On review of the Order of the Circuit Court the appellate court should confine itself to consideration of only those matters and questions which were before the lower court and should not go beyond the record made and appearing in the lower court.

"The question of the power of the County Judge to direct a verdict for either party was not presented to the lower court."

It is true as stated in our Order that the question of the *power* of the County Judge to direct a verdict for either party in suit like that here involved was not presented in the court below, but the petition for writ of certiorari in the court below did allege:

"And then the said County Judge directed a verdict in favor of the Plaintiff in said proceeding against the defendant, petitioner herein, and has subsequently entered final judgment on the basis of such directed verdict against the

petitioner herein, all of which is contrary to Section 5403 C. G. L., 1927.

"II. Your petitioner would further show unto this Court by the record so made, as aforesaid, that the said County Judge did not proceed in said cause according to the essential requirements of the law, but on the contrary exceeded and acted upon and through the usurpation of power and without jurisdiction, and is about to issue a writ of possession against petitioner making effective his unlawful actions, in the following matters, and for the following reasons, namely :" * * *

"(d) The direction of verdict in favor of the plaintiff in said proceeding, and the judgment based thereon was, and the issuance of writ of possession thereon will be, if issued, contrary to the positive provisions of Section 5403, Compiled General Laws, 1927." * * *

"That writ of error from the order granting the new trial by the said County Judge and writ of error from the said judgment herein sought to be reviewed have been duly taken but are not effective to stave off the portentous damage to petitioner. Bills of exception have been duly settled in each of said writs of error and are available to this Court at this time, together with the entire record in said proceedings."

The petition for writ of certiorari was filed July 21, 1938.

Copies of transcripts of record in the cases referred to in relator's petition have been certified to this Court and the Clerk's certificates show that same were on file in the Court below when such reference thereunto was made in the petition.

Reference having been made to the transcript of the record then on file in the Circuit Court showing the proceedings in the County Judge's Court which were sought to be reviewed on certiorari, it was the duty of the Circuit

Court to take cognizance of the contents of such tran-
scripts of record.

The transcript of the record of the second trial in the
County Judge's Court of the case involved shows:

"The Court has refused to admit this lease, which has
been offered in evidence, which is not signed by the plain-
tiff corporation. It has also refused to admit in evidence
the check which was tendered, as the Court does not believe
that they comply with the statute with reference to renewal
of leases for a period of over two years. Those not being
in evidence in this trial, other than in the transcript which
has been introduced a few minutes ago, the defendant has
not shown anything in the nature of renewal of this expired
lease, which it is admitted expired on a certain date.

" 'Therefore, the Court's opinion is that the plaintiff is
entitled to judgment on the evidence, and the Court will
order a directed verdict.

" 'In addition to that, the Circuit Court, in my opinion,
has ruled that the defendant, who was plaintiff in the other
suit, was not entitled to specific performance of the lease.
The Circuit Court has ruled that. Then it would be a pe-
culiar situation if that Court was not entitled to it, then
this Court direct, through the jury on judgment, could say
it was entitled to it.

" 'I am going to grant the motion for a directed verdict
and instruct the jury to bring in a verdict for the plaintiff.'

"Thereupon, the Court instructed the jury as follows:
'Gentlemen of the Jury: You are instructed to find a ver-
dict, "Wellington Corporation, a corporation organized and
existing under the laws of the State of Florida, Plaintiff,
v. R. E. Jacques, Defendant. We, the Jury, find for the
Plaintiff. So say we all." And have it signed by one of
your number as foreman.'

"Thereupon, the Jury returned its verdict as directed by

the Court, which verdict was read by the Judge in open Court, who then announced that the said verdict would be filed, and discharged the Jury from further consideration ˜of this case."

The record, therefore, shows that while the specific question of the power of the County Judge to direct a verdict for either party in a suit like that under consideration was not drectly presented in the court below, it was alleged in effect that the County Judge had departed from the essential requirements of the law in directing a verdict in favor of the plaintiff and it, therefore, became the duty of the Circuit Court to determine whether or not the directing of such verdict constituted a departure from the essential requirements of the law.

We have considered the argument in brief and by counsel presented on rehearing and find no reason to recede from what we said in our opinion and judgment filed herein on August 2, 1938, which is now adhered to.

So ordered.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

An application for a writ of certiorari to the Circuit Court for Dade County, Paul D. Barns, Judge.

PER CURIAM.—-In this case the petitioner, Jacques, has applied to this Court for writ of certiorari to review the judgment of the Circuit Court which was reviewed on writ of error by this Court and disposed of by our opinion filed therein on August 2, 1938 (133 Fla. 819, 183 So. 22), which opinion and judgment, after rehearing granted (134 Fla. 211, 183 So. 718) has been adhered to.

Since the questions which are sought to be presented by the proceedings in certiorari have been disposed of by our

opinion and judgment above mentioned, no useful purpose could be served by now issuing a writ of certiorari to review the same record.

Therefore, the petition is denied.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN and CHAPMAN, J. J., concur in the opinion and judgment.