HIRAM M. FARNHAM, *et ux.,* and THE SAN CARLOS SHORE
ACRES, INC., v. M. F. CALDWELL, JR.

193 So. 286
Division B
Opinion Filed January 19, 1940

*W. W. Flournoy,* for Petitioners;

*John T. Wiggington, Keen & Allen, J. Velma Keen, Wm. P. Allen* and *Frank O'Kelley, Jr.,* for Respondent.

PER CURIAM.—Certiorari is a common-law writ which issues in the sound discretion of the Court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 So. 740; State v. Simmons (Fla.) 140 So. 187, 190; Malone v. Quincy, 66 Fla. 52, 62 So. 922, Ann. Cas. 1916D, 208; State v. Live Oak, etc., R. Co., 70 Fla. 564, 70 So. 550; Great American Inc. Co. v. Peters (Fla.) 141 So. 322. See Postal Tel. Cable Co. v. Broome, 99 Fla. 272, 126 So. 149; Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 43 So. 714, Des Rocher, etc., Towing Co. v. Third Nat. Bank (Fla.), 143 So. 768; First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. 618; Jacksonville, etc., Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290; Hunt v. Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am. St. Rep. 214;

Rifas v. Gross (Fla.) 143 So. 600; Dowling v. State, 98 Fla. 523, 124 So. 12.

"In this State the writ of certiorari is used to quash illegal judgments, not to assume and complete the adjudication of a cause." First Nat. Bank v. Gibbs, 78 Fla. 118, 82 So. 618, quoted in Rifas v. Gross (Fla.) 143 So. 600.

Review by certiorari does not ordinarily extend to a consideration of the probative force of conflicting testimony (Atlantic Coast Line R. Co. v. Florida Fine Fruit Co., 93 Fla. 161, 112 So. 66, 113 So. 384; Medlin-Peacock Buick Co. v. Broward, 101 Fla. 600, 135 So. 156), where there is ample, competent and illegal evidence to sustain the judgment. American Ry. Exp. Co. v. Weatherford, 84 Fla. 264, 93 So. 740. And the case will not be tried upon its merits by the Court issuing the writ. Peaden v. State, 90 Fla. 84, 105 So. 142.

Upon a certiorari directed to the circuit court as an appellate court, the Supreme Court will not question the correctness of the judgment of the circuit court upon its merits. Benton v. State, 74 Fla. 30, 76 So. 341; Harrison v. Frink, 75 Fla. 22, 77 So. 663; American Ry Exp. Co. v. Weatherford, 86 Fla. 626, 98 So. 820; Brinson v. Tharin, 99 Fla. 696, 127 So. 313, 316.

"The subject-matter of the suit or proceeding which it brings before the Court are not here reinvestigated, tried, and determined upon the merits generally as upon appeal at law or writ of error. Basnet v. Jacksonville, 18 Fla. 523." Brinson v. Tharin, 99 Fla. 696, 127 So. 313, 316.

In the case of Jaques v. Wellington Corp., 135 Fla. 167, 184 Co. 766, this Court held that certiorari to review a judgment of the Circuit Court, which had been reviewed on writ of error to the Supreme Court and disposed of by an

opinion filed, would be denied, since the issuance of a certiorari would be without effect.

While the testimony submitted to the chancellor in this case was conflicting, there was ample testimony and evidence to sustain the chancellor's findings of fact and the decree rendered thereon, and it does not appear from the record that the essential requirements of law were disregarded by the chancellor in arriving at and entering the final decree here sought to be quashed. The writ of certiorari must therefore be quashed.

Where the right of appeal exists, and a party has lost that right by failure to prosecute his appeal with due diligence, certiorari will not lie. But there is an exception to the general rule that a writ of certiorari will not lie where there is an adequate remedy by appeal or writ of error, such exception being in cases where an appeal has been lost through no fault of the petitioner. See Poe v. Marion Machine Works, 24 W. Va. 520; Harris on Certiorari, page 27; Salario v. Latin American Bank, 104 Fla. 256, 139 So. 899. However, there is no need to determine whether this rule is applicable here.

Applying the principles of law hereinabove stated, the writ of certiorari heretofore granted in the above cause is hereby quashed, at the cost of the petitioners.

WHITFIELD, P. J., BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.