**FLASH BONDED STORAGE CO., INC.,** a Florida Corporation, v. **GERTRUDE ADES,** a single woman.

12 So. (2nd) 164                                     January Term, 1943
March 5, 1943                                         Division B

*Emett C. Choate* and *Frank E. Bryant,* for petitioner.
*Robert C. Lane,* for respondent.

THOMAS, J.:

The petitioner, Flash Bonded Storage Co., Inc., was defendant in the civil court of record and appellant in the circuit court; the respondent, Gertrude Ades, Plaintiff in the former and appellee in the latter. In our discussion we will refer to them according to their original designation.

The plaintiff was awarded a verdict in the trial court and the judgment was affirmed on appeal. We are extending a petition to review the proceedings by certiorari.

This court should be chary of the exercise of its power under writs of certiorari that their scope may not be unduly enlarged lest they come to be employed to serve the purpose of an appeal. Brinson v. Tharin, 99 Fla. 696, 127 So. 313. Principal reason for the restriction, in cases of this character, is that the unsuccessful litigant has a right of appeal to the circuit court and if another appeal were afforded under the guise of certiorari he would, in practical effect, have two appeals while a suitor in a tribunal of greater jurisdiction, the circuit court, would have but one.

In considering petitions for such writs the question of just what the term "essential requirements of law" embraces often, if not always, presents itself. Although the evidence introduced in the trial court may not be examined to determine its probative value, or "to reconcile conflicting testimony," we have recognized the rule that it is proper under the writ to ascertain "whether there was any evidence to support" the verdict and judgment, Brinson v. Tharin, supra.

It is our view that the consideration of the present controversy may be narrowed to this single aspect, that is, whether the facts developed in the trial of this litigation, gleaned from (1) the undisputed testimony and from (2) other evidence given a construction most favorable to the plaintiff, were wholly insufficient to support a verdict in her favor.

The plaintiff and her husband, upon deciding to move from the house they were occupying to an apartment, called several warehousemen to ascertain the charges for storing the furniture they were using. It is not clear which of them actually talked to the officers of the defendant corporation but, at any rate, the defendant sent an appraiser to inspect the property and calculate the cost of removal and storage. Thereafter a representative of the defendant gave the husband an estimate of the expense, the wife agreed to the charges and, eventually, the property was transported to the warehouse and stored. The plaintiff signed the "pickup slip" that was issued by the drayman when the furniture was removed. Later, the plaintiff and her husband became estranged. Meanwhile, the defendant, utterly ignorant of their marital difficulties, delivered to the husband a part of the property without the surrender by him of any receipt. The plaintiff sued for conversion, Section 6979, C.G.L., 1927, Section 678.10, Florida Statutes, 1941, and recovered the value placed by her on the goods delivered by the defendant to the husband.

The question, tersely stated, is whether this evidence showed liability of the defendant-storage company for conversion of the property. Under Section 6978, C.G.L., 1927, Section 678.09, Florida Statutes, 1941, "a warehouseman is justified in delivering the goods . . . to one who is—(1) The person lawfully entitled to the possession of the goods, or his agent." The remaining portions of the section do not seem to be applicable because of the absence from the record of a negotiable or nonnegotiable receipt. Thus, it seems that there was no impropriety in the delivery of the property to the husband if he was at the time the agent of the plaintiff.

It is upon the construction of Section 5867, C.G.L., 1927, Section 708.03, Florida Statutes, 1941, that decision in this

case depends. The pertinent part of the statute is: "The property of the wife shall remain in [the] care and management of the husband . . . ." It is our view that the word "remain" means that until there is some positive indication on the part of the wife to the contrary, the care and management of her property shall abide or exist in the husband.

At the beginning of the history of the transaction with the defendant we find the plaintiff and her husband residing together in the usual manner of married people. It is undisputed now that the furniture was hers, but the record is silent about any knowledge by the defendant, until after delivery of a part of it to the husband, that she claimed any of it as her own. The record reveals nothing that would have put the defendant on notice, or that would have caused it even to suspect, that it was dealing with her to the exclusion of her husband. This picture was not changed until long after the contract was made with the defendant. Inasmuch as the status fixed by the statute was not interpreted, so far as the defendants knew, until after surrender to the husband, we think that he was unquestionably her agent. Craft v. American Agricultural Chemical Company, 81 Fla. 55, 87 So. 41. Not only was the defendant ignorant of any estrangement, but it also knew nothing of the change in relationship of principal and agent. That she could have at any time ended the relationship of principal and agent cannot be doubted, Florida Citrus Exchange v. Grisham, 65 Fla. 46, 61 So. 123, but to have done so and escaped the difficulty produced by the delivery to the husband she should have notified the defendant.

It is hardly necessary to point out that her right in the property guaranteed to her, under Article XI, Section 1, of the Constitution, was not jeopardized and is not affected by this decision.

It seems to us that injustice resulted to the defendant when it was held accountable for the property released to the husband. In dealing with them in the manner we have described the defendant was led by the passivity of the plaintiff to believe that both of them proposed to engage its services in storing the property. No notice was given of the

486

severance of the relationships either of husband and wife or principal and agent. The defendant should not be held liable in these circumstances for an injury suffered by her which she could have prevented simply by notifying the defendant that the property was hers and that the husband no longer represented her.

We have the conviction that the essential requirements of law were not followed in this case, therefore, the certiorari is granted and the judgment of the circuit court affirming the judgment of the civil court of record is quashed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.