108 So.2d 60 (1959)
STATE of Florida, Petitioner,
v.
Harry KATZ, Respondent.
No. 58-327.
District Court of Appeal of Florida. Third District.
January 8, 1959.
Rehearing Denied January 30, 1959.
Richard W. Ervin, Atty. Gen., Irving B. Levenson, Asst. Atty. Gen., Richard E. Gerstein, State Atty., and Glenn C. Mincer, Asst. State Atty., Miami, for petitioner.
Dan Chappell and Jay M. Lurie, Miami, for respondent.
CARROLL, CHAS., Chief Judge.
The respondent Harry Katz was informed against for bookmaking, a misdemeanor. He was tried and convicted in the court of *61 crimes, a court of record in Dade County. On his appeal to the circuit court, that court reversed the judgment of conviction. Invoking certiorari, the state seeks reversal of that order of the circuit court.
The constitution confers upon the circuit courts "final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges' courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace." (Emphasis supplied.) Const. of Fla. Art. V, § 6(3), 26 F.S.A.
Due regard for the plain language of the constitution prevents this appellate court from entertaining a second appeal. The common law writ of certiorari was not meant for and may not be diverted to such purpose. See Townsend v. State, Fla.App. 1957, 97 So.2d 712, 713; 5 Fla. Jur., Certiorari, § 25. On such certiorari we must restrict our consideration within those limits which have been well defined by the Supreme Court.
In Benton v. State, 74 Fla. 30, 76 So. 341, 342, it was held that as to those cases where the constitution afforded final appellate jurisdiction in the circuit courts, certiorari to the Supreme Court could not be used for a second appeal, nor to produce the merits for review as on appeal; that in such circumstances the writ may not be used to review and affirm or reverse the order of the circuit court made in the exercise of its granted (final) appellate jurisdiction, but calls for an order which "must either quash the proceeding of the judge of the circuit court, or quash the certiorari which brings it here."
Further, in the Benton case, the court held as follows (76 So. at page 343):
"Under the Constitution of this state, the supervisory power of the Supreme Court on a certiorari to a circuit court as an appellate court is restricted to an examination into the external validity of the proceedings had in the circuit court, and cannot be exercised to review the judgment of that court as to its intrinsic correctness, where the record discloses that a cause of action existed; the court of original jurisdiction had jurisdiction of parties and subject-matter, and the appellate court acquired jurisdiction according to the forms prescribed by law. See State ex rel. Matranga v. Judge, 42 La. Ann. 1089, 8 So. 277, 10 L.R.A. 248."
In American Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740, 741, 742, the Supreme Court, in an opinion by Mr. Justice Whitfield, concisely defined the nature and scope of the common law writ of certiorari, as follows:
"Certiorari is a common-law writ which issues in the sound judicial discretion of the court to an inferior court, not to take the place of a writ of error or an appeal, but to cause the entire record of the inferior court to be brought up by certified copy for inspection, in order that the superior court may determine from the face of the record whether the inferior court has exceeded its jurisdiction, or has not proceeded according to the essential requirements of the law, in cases where no direct appellate proceedings are provided by law. Seaboard Air Line R. Co. v. Ray, 52 Fla. 634, 42 So. 714.
* * * * * *
"Generally stated, a writ of certiorari may, in the discretion of the court, be issued where it is duly made to appear, at least prima facie, that the record of a lower court shows that the proceedings in a cause have violated established principles of law, or that the adjudication in the cause is a palpable miscarriage of justice, and that the result is a substantial injury to the petitioner, who has no other remedy, and seeks a writ of certiorari."
In Brinson v. Tharin, 99 Fla. 696, 127 So. 313, 316, dealing with the office and *62 scope of a writ of certiorari directed to an order of the circuit court acting as an appellate court, the Supreme Court said:
"The writ, confined to its legitimate scope, may issue within the court's discretion at any time to correct the procedure of courts wherein they have not observed those requirements of the law which are deemed to be essential to the administration of justice. It is important, however, that the court should not broaden or extend the scope of the writ.
"A judgment void for lack of jurisdiction or a proceeding characterized by a kind of tyranny in the failure to observe essential requirements should be subject to correction at the discretion of the court vested with the power to issue the writ.
"The writ is one which issues on discretion and not as a writ of right. Jacksonville, T. & K.W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. 290; Hunt v. City of Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am.St.Rep. 214; Holmberg v. Toomer, 78 Fla. 116, 82 So. 620; First National Bank of Gainesville v. Gibbs, supra [78 Fla. 118, 82 So. 618].
"The common-law writ of certiorari cannot be made to serve the purpose of an appellate proceeding in the nature of a writ of error. The writ involves a limited review of the proceedings of an inferior jurisdiction. It is original in the sense that the subject-matter of the suit or proceeding which it brings before the court are not here reinvestigated, tried, and determined upon the merits generally as upon appeal at law or writ of error. Basnet v. City of Jacksonville, 18 Fla. 523."
In the later case of Flash Bonded Storage Co. v. Ades, 152 Fla. 482, 12 So.2d 164, 165, it was said:
"This court should be chary of the exercise of its power under writs of certiorari that their scope may not be unduly enlarged lest they come to be employed to serve the purpose of an appeal. Brinson v. Tharin, 99 Fla. 696, 127 So. 313, 316. Principal reason for the restriction, in cases of this character, is that the unsuccessful litigant has a right of appeal to the circuit court and if another appeal were afforded under the guise of certiorari he would, in practical effect, have two appeals while a suitor in a tribunal of greater jurisdiction, the circuit court, would have but one."
The foregoing decisions, as they were made with reference to the Supreme Court, are now applicable to this court in the exercise of its appellate jurisdiction conferred by amendment to the constitution creating and making operative this court as of July 1, 1957. Const. of Fla. Art. V, § 5(3), 26 F.S.A. The jurisdiction of this court to entertain "Appeals from trial courts", relates to orders and decisions of such courts when acting as trial courts and not as appellate courts. No provision is made for appeals to this court from an order of the circuit court made in the exercise of the latter court's appellate jurisdiction. See Appeal of Syracuse University, Fla.App. 1958, 105 So.2d 904.
With the pronouncements of the Supreme Court in the cases cited above as a guide, and on consideration of the record and arguments on the petition for certiorari now before this court, we conclude against issuance of the writ.
The petitioner does not present any question appropriate for our review, but seeks to have this court review and pass on the correctness of the circuit court order made in exercise of its appellate jurisdiction.
Accordingly, the petition for writ of certiorari is denied.
It is so ordered.
HORTON and PEARSON, JJ., concur.