SHANNON, Judge.
The petitioner, Harry E. King, seeks review, by certiorari, of the order of the circuit judge affirming his conviction on appeal from the Criminal Court of Record. This case has a long and varied record. In the case of Gordon v. State, Fla.1958, 104 So.2d 524, decided on July 25, 1958, a history is given which amply portrays the picture as a whole and gives the individuals concerned therewith their proper niches. Following the reversal in that case by the Supreme Court, there is the opinion of this court in Gordon v. State, Fla.App.1960, 119 So.2d 753, which opinion was handed down on March 25, 1960.
In the first Gordon case, supra, the appellants, Gordon and King, sought reversal of a judgment of conviction finding them guilty of subornation of perjury. In that case the other two appellants, Busbee and Arnold, sought reversal of the judgment of conviction finding them guilty of the crime of perjury. The Supreme Court reversed the convictions entered against the four defendants and remanded the cause for new trial. The opinion places the reversible error into six categories and then states:
“Other errors assigned have been carefully examined and we find that they fall within the categories of those which we have discussed in detail herein or else they are either harmless or no error at all.” [104 So.2d 542.]
In the second case of Gordon v. State, supra, in an opinion by this court, we find that:
“Upon an information charging appellant, H. P. Gordon, and others, with conspiracy to commit perjury and subornation of perjury, and also charging James Busbee- and Rollie Arnold with perjury, trial was had, and the felony convictions obtained under the information were reversed by the supreme court in the decision of Gordon v. State, Fla., 104 So.2d 524, and the cause remanded for new trial.
“The trial of the present cause, pursuant to the mandate, was had and the jury returned its verdict finding the appellant to be guilty of conspiracy as charged in the first two counts and to be guilty of subornation of perjury as charged in the latter two counts of the information.
“* * * [A] nd this appeal followed seeking appellate review of the judgment and sentence.”
This court affirmed the conviction and certiorari was denied by the Supreme Court. Gordon v. State, Fla.1960, 123 So.2d 349. In the meantime the petitioner herein was tried by the Criminal Court of Record in and for Polk County, Florida, upon an Information charging him in counts one and two of conspiracy to commit perjury and in counts three and four with subornation to commit perjury. He was convicted on counts one and two and was found not guilty on counts three and four. After the usual posttrial motions had been denied, the petitioner appealed to the Circuit Court *504 and it is from its order affirming the Criminal Court of Record that he seeks writ of certiorari to quash the order of affirmance.
Both Arnold and Busbee had pled guilty to perjury at the time of the petitioner’s last trial. H. P. Gordon was found guilty by a jury verdict. In his petition for certiorari the petitioner sets forth three points, namely:
1. Counts one and two do not charge an offense.
2. The evidence was insufficient to prove that petitioner conspired to have Busbee and Arnold commit perjury before the grand jury.
3. The trial was so infected with prejudicial error in procedure, in admission of evidence and improper arguments and comments of counsel and in the giving and refusing of instructions as to require a new trial.
Point three alleged thirteen specific errors, designated A through M.
The Constitution of Florida, Article V, Section 6(3), F.S.A., confers upon the circuit courts “final appellate jurisdiction in all civil and criminal cases arising in the county court, or before county judges’ courts, of all misdemeanors tried in criminal courts of record, and of all cases arising in municipal courts, small claims courts, and courts of justices of the peace.” The crime of which the petitioner was convicted was a misdemeanor so that the Circuit Court of Polk County, Florida, had final appellate jurisdiction. Hence this court can review the conviction only by certiorari.
To what extent we should review the record is well stated in State v. Katz, Fla. App.1959, 108 So.2d 60, 61:
“Due regard for the plain language of the constitution prevents this appellate court from entertaining a second appeal. The common law writ of certiorari was not meant for and may not be diverted to such purpose. See Townsend v. State, Fla.App.1957, 97 So.2d 712, 713; 5 Fla.Jur., Certiorari, § 25. On such certiorari we must restrict our consideration within those limits which have been well defined by the Supreme Court.”
In the Katz case the case of Benton v. State, 1917, 74 Fla. 30, 76 So. 341, is discussed as follows:
“[I]t was held that as to those cases where the constitution afforded final appellate jurisdiction in the circuit courts, certiorari to the Supreme Court could not be used for a second appeal, nor to produce the merits for review as on appeal; that in such circumstances the writ may not be used to review and affirm or reverse the order of the circuit court made in the exercise of its granted (final) appellate jurisdiction, but calls for an order which ‘must either quash the proceeding of the judge of the circuit court, or quash the certiorari which brings it here.’ ”
The Supreme Court of Florida has had many occasions to pass upon the extent of the appellate court’s position in respect to review by certiorari. In Dowling v. State, 1929, 98 Fla. 523, 124 So. 12, 13, the court says:
“In the case of Coe-Mortimer Co. v. State, 81 Fla. 701, 88 So. 475, the court held that if upon an inspection of the record sent up under a writ of certiorari it appears that the trial court had no jurisdiction of the subject-matter or of the defendant, ‘or that the charge as made constitutes no offense under the law, either because of the invalidity of the statute or because of the absence of essential allegations, or that the judgment or other proceeding of record had on the charge is not in accordance with the essential requirements of the law, the judgment of affirmance by the Circuit Court will be quashed.’ ”
We have laid out the statement of law given by our Supreme Court in Dowling v. *505 State, supra, and have carefully considered each and every point set out by the petitioner, but fail to find that the judgment ■here sought to be reviewed by certiorari is not in accordance with essential requirements of law and hence the petition for writ ■of certiorari is denied.
KANNER, Acting C. J., and WHITE, JACK F., Associate Judge, concur.