ON PETITION FOR REHEARING ON PETITION FOR CERTIORARI
PER CURIAM.
This matter is before us on a petition for rehearing after this court entered its Per Curiam denial of certiorari.
At the time of consideration of the petition for certiorari and entry of its Per Curiam denial, this court did not have before it a complete transcript of the record of the trial proceedings. As a matter of fact, we were not furnished a complete transcript at the time of petition for rehearing, but as authorized by the Rules, we requested and obtained a complete transcript of the trial proceedings, and after reviewing the record, we recede from and withdraw our opinion filed May 30, 1967, denying certiorari, and reconsider this matter.
We adhere to the established law that as a reviewing court on Petition for Certiorari, we cannot consider the weight or probative force of the evidence on which the trial court based its judgment,[1] but in order to determine whether the court’s instruction to the jury constituted such a fundamental error as to amount to a departure from the essential requirements of law, it is necessary to review the evidence adduced at the trial.
In his charge to the jury, the court gave the following instructions :
“Gentlemen, this information or this charge is based upon Section 832.02 of the Florida Statute — 832.05. Now, the other essential elements which the State must prove beyond a reasonable-doubt before you will be justified in finding the Defendant guilty is that this Defendant made, uttered, drew .or gave a check with intent to defraud and who knowingly did not have an arrangement, understanding, or funds with such bank sufficient to meet or pay the sum. To-defraud is an essential element of the *578 charge of issuing a worthless check; but, such intent must also out of necessity be inferred from the facts and circumstances shown by all evidence. Direct or positive testimony is not necessary to prove intent. Knowingly as used in the law means with knowledge.
“Now, the other essential elements which the State must prove are that if you believe from the evidence that the payee, Mr. Eubanks, in this case knew or had been expressly notified prior to the drawing or uttering of said check or that he had reason to believe that the Defendant did not have on deposit or to his credit with the State Bank sufficient funds to insure payment thereof, then it is your duty to find the Defendant not guilty.”
The first of the above instructions is apparently based upon a repealed statute and while it appears to be favorable to the defendant, it is erroneous and could have been prejudicial to the defendant.
The second instruction, supra, is a proper instruction, but also is the defendant’s requested instruction, which was refused, and which reads as follows:
"The court charges you that Section 832.-05(2) [(a)] (2), F.S. provides that:
“It shall be unlawful for any person, firm or corporation to draw, make, utter, issue, or deliver to another, any check, draft, or other written order on any bank or depository for the payment of money or its equivalent, knowing at the time of the drawing, making, uttering, issuing or delivering such check or draft, that the maker or drawer thereof has not sufficient funds on deposit in, or credit with such bank or depository with which to pay the same on presentation. * * * ”
Upon consideration of the court’s instruction on the law in light of the testimony and evidence adduced at the trial, we are of the opinion that the instruction based upon the repealed statute quoted above, when coupled with the .other instructions on the law of the case, could have no effect other than to confuse the jury and to that extent constituted such fundamental error as to amount to a departure from the essential requirements of law, and resulted in a miscarriage of justice.
Therefore, the order of the circuit court dated December 20, 1966, confirming the judgment and sentence of the criminal court of record is hereby quashed and set aside, as well as the judgment and sentence of the criminal court of record of Duval County, dated February 25, 1966, and the order denying a new trial is reversed and said cause remanded to the criminal court of record of Duval County, Florida, with directions to grant the defendant a new trial.
RAWLS, Acting Chief Judge, and JOHNSON and SPECTOR, JJ., concur.

. Farnham v. Caldwell, 141 Fla. 416, 193 S.O. 286 (1940).