262 So.2d 28 (1972)
SOSSIN SYSTEMS, INC., Petitioner,
v.
CITY OF MIAMI BEACH, Respondent.
No. 72-185.
District Court of Appeal of Florida, Third District.
May 9, 1972.
*29 Joe N. Unger, Miami Beach, for petitioner.
Joseph A. Wanick, City Atty., for respondent.
Before BARKDULL, C.J., and CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
This petition for certiorari presents for review a judgment of the circuit court of Dade County affirming a conviction of the petitioner in the municipal court of the City of Miami Beach. The initial action was a prosecution by the city against the petitioner and another for violation of a municipal ordinance designated as § 16-50 of the code of the City of Miami Beach, dealing with the sale of Kosher food. Pertinent sections thereof are as follows:
"A person who, with intent to defraud, sells or exposes for sale in any hotel, restaurant, or other place where food products are sold for consumption on the premises, any meat or meat preparation or any article of food or food preparation and falsely represents the same to be kosher, or as having been prepared in accordance with the orthodox Hebrew religious requirements * * * shall upon conviction thereof be punished as provided in Section 1-8 of the City Code.
* * * * * *
"The possession of food, food products, beverages and merchandise which, in fact, are not kosher in any premises wherein it is held out that only kosher food, food products, beverages and merchandise are dealt in therein shall be prima facie evidence that the person in possession of such premises exposes such food, food products, beverages and merchandise for sale with intent to defraud."
The charge, as stated in the process issued by the city, was that on April 12, 1971, Sossin Systems, Inc., a Florida corporation, the operator of Blackstone Hotel, did then and there violate Section 16-50 of the City of Miami Beach, Florida, to-wit:
"Did, with intent to defraud, sell or expose for sale in a hotel where food products are sold for consumption on the premises of the said Blackstone Hotel, certain articles of food to wit: cakes, and did falsely represent them as having been prepared in accordance with the orthodox Hebrew religious requirements, to wit: that the same were `kosher for Passover', when, in truth, and in fact, the same were not `kosher for Passover.' Said false representations having been made by direct oral statements or by the display of insignia or marks which might reasonably be calculated to believe that a representation was being made that the food sold was prepared in accordance with the orthodox Hebrew religious requirements."
The trial in the municipal court resulted in the conviction of Sossin Systems, Inc. and its appeal therefrom to the circuit court. That court entered a judgment of affirmance which contained certain findings of fact and conclusions of law, and which was twelve pages in length. The petitioner contends here, as it contended on appeal in the circuit court, that the evidence was insufficient to sustain the judgment of conviction, and that the ordinance involved is unconstitutional.
The petitioner urges this court to hold the ordinance is invalid, on the ground and theory that it is in violation of the provision of Amendment I of the Constitution of the United States that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." We are unable to view this ordinance as a legislative enactment establishing or respecting the establishment *30 of a religion, or as one prohibiting the free exercise of a religion to which it has reference. Rather than to prohibit the free exercise of the religion, the ordinance serves to safeguard the observance of its tenets, and to prohibit actions which improperly would interfere therewith. People v. Goldberger, Sp.Sess., 163 N.Y.S. 663, 666. Validity of enactments such as the ordinance involved here has been recognized and upheld. People v. Atlas, 183 App.Div. 595, 170 N.Y.S. 834; Hygrade Provision Co. v. Sherman, 266 U.S. 497, 45 S.Ct. 141, 69 L.Ed. 402.
The circuit court has final appellate jurisdiction of judgments of municipal courts. Article V, Section 6(3) Fla. Const., F.S.A. When that appellate jurisdiction has been exercised, a second appeal to this court, by petition for certiorari or otherwise, is not authorized. Benton v. State, 74 Fla. 30, 76 So. 341, 342; Brinson v. Tharin, 99 Fla. 696, 127 So. 313, 316; Townsend v. State, Fla.App. 1957, 97 So.2d 712, 713; State v. Katz, Fla.App. 1959, 108 So.2d 60, 61. On a petition for certiorari directed to a judgment of an inferior court rendered by the latter in exercise of granted final appellate jurisdiction, the writ is not to be entertained as a second appeal or to produce the merits for review as on appeal, but only for the limited purposes of determining whether by the judgment or proceedings below the court departed from essential requirements of law, or whether the decision represented a palpable miscarriage of justice or resulted in a substantial injury to a petitioner who has no remedy therefrom other than through certiorari. American Ry. Express Co. v. Weatherford, 84 Fla. 264, 93 So. 740, 742; Robinson v. State, Fla. 1961, 132 So.2d 3, 5.
Upon consideration we conclude that the judgment entered by the circuit court properly disposed of the questions presented there on appeal, and that the petitioner has shown no basis in law for reversal or quashal of the judgment of that court. Accordingly, certiorari is denied and the petition dismissed.
It is so ordered.