POLICE AND FIREMEN'S INSURANCE ASSOCIATION v. MINA
MARGARET HINES, a widow.

183 So. 831.
Division B.
Opinion Filed October 14, 1938.

*Shutts & Bowen, L. S. Bonsteel* and *E. S. Quick,* for Petitioner;

*Batchelor & Dyer,* for Respondent.

PER CURIAM.—This is a proceeding in certiorari to the Circuit Court of Dade County, Florida, seeking to quash the judgment of that court which affirmed a judgment rendered by the Civil Court of Record of Dade County in behalf of Mina Margaret Hines against Police and Firemen's Insurance Association entered on November 7, 1935. The transcript of record shows the case at bar was heard by the Circuit Court of Dade County on appeal from the final judgment, *supra,* entered by the Civil Court of Record.

Honorables Worth W. Trammell and Jeffn. B. Browne held
that the judgment should be affirmed, while Honorable Paul
D. Barns held that the judgment should be reversed.

In considering an appellate judgment of the Circuit Court
upon certiorari from this Court, the Supreme Court is not
permitted to review the correctness of the Circuit Judge's
rulings on the merits of the appeal as disclosed by the evi-
dence in the Civil Court of Record's bill of exceptions; that
is, the Supreme Court is not permitted to consider and weigh
the effect of the evidence. On certiorari, before the Su-
preme Court can look into the sufficiency of the evidence,
there must be some showing that the Circuit Court adopted
or enforced a wrong view of the law reviewing the case on
the evidence and that it applied such wrong rule of law to
its own appellate considerations and weighing of the evi-
dence and that the case is one where the legal sufficiency of
the evidence to warrant the particular judgment appealed
from was appropriately raised and presented on the appeal
to the Circuit Court as a ground for reversal. See Mutual
Life Ins. Co. v. Johnson, 122 Fla. 567, 166 So. 442; Ameri-
can Railway Express Co. v. Fegenbush, 107 Fla. 145, 144
So. 320; Ulsch v. Mountain City Mills Co., 103 Fla. 932,
138 So. 483, 140 So. 218; Brinson v. Tharin, 99 Fla. 696,
127 So. 313.

The widow sought to recover on an accident insurance
policy issued on the life of her husband, Johnie Needam
Hines, in the amount of $2,500.00. The declaration alleged
that the husband came to his death by an accidental pistol
shot, self-inflicted, on December 20. 1934, and that due
proof of the insured's death was given the defendant as
required by the terms of the policy, but payment was re-
fused. She sought a reasonable attorney's fee as provided
by statute. The case went to trial on the declaration and
three pleas: (1) not guilty; (2) the death of the insured

was due to the use of intoxicating liquors; (3) the death of the insured was due to a pistol wound intentionally self-inflicted and its liability under the terms of the policy was $100.00 and not $2,500.00.

It is contended that the Circuit Court departed from the essential requirements of the law by failure to consider the evidence which clearly established that the insured committed suicide and the evidence fails to show the insured was accidentally injured or killed. It becomes necessary to examine the record for the purpose of ascertaining whether there was any evidence to support the judgment.

The evidence shows that Johnie Needam Hines, on Monday, December 17, 1934, at 6:00 o'clock P. M., in his bedroom at his home at Miami, Florida, shot himself and from the effects of the wound died some three or four days later. He had been an employee of the City of Miami for some time prior to his death. The pistol ball entered his left chest below the heart and ranged inward and downwards and appeared above his right hip. The pistol with which he was wounded belonged to his stepson. It became out of repair and the deceased obtained the pistol in the room of his stepson, who was at the time making his home with the deceased. The deceased owned a pistol kept in good condition which he carried while on duty in behalf of the City of Miami, and while at home he kept it in his bedroom when off duty. Shortly prior to his injury he told his stepson he could or would repair his pistol. The insured was locked in his room when information was had that he was shot. His wife and stepson found him suffering from a pistol wound. He told them: "I have shot myself." He was taken to the Jackson Memorial Hospital. The insured was not sick the day he was shot, but had been drinking some while off duty. About 1:30 P. M. on the day of the injury, he took a bath and shaved and then went to bed. He was a

man of good disposition and had lived with his wife since 1927 and the couple got along well. There was no evidence of the odor of whiskey on him when he was taken to the hospital. He told a number of people he shot himself, but the only witness testifying that he shot himself intentionally was Dr. Hall. Dr. McKenzie was connected with the hospital from December 17th to 21st and knew the insured and described his wound and filled out the blank showing proof of death and in the blank stated the wound was accidental—he stated that it was his impression that the insured told him he shot himself accidentally. The parties offered conflicting evidence as to what the insured stated about how he received his wound. One set of witnesses testified as to a happy home life, while others testified as to trouble and friction with his wife—a separation of cohabitation for a short time; some evidence as to his remarks about killing himself, a moody disposition and excessive drinking.

This Court has held that if the jury as reasonable men could have found the verdict rendered from the evidence submitted, a new trial should not be granted where evidence is conflicting. See Wilson v. Maddox, 97 Fla. 489, 121 So. 805.

Where there is conflicting evidence on the issues made and the verdict is not manifestly against the weight of the evidence, the court should not interfere with and set aside the verdict of the jury. See Burnett v. Soule, 78 Fla. 507, 83 So. 461; Tallahassee R. Co. v. Macon, 8 Fla. 299; Florida East Coast R. Co. v. Hayes, 66 Fla. 589, 64 So. 274; Harbeson Lbr. Co. v. Anderson, 102 Fla. 731, 136 So. 557. There is nothing in this record to show that the jury rendering the verdict complained of was actuated by any improper motives. We think there is ample testimony in the record to sustain the findings of the jury as expressed by the verdict.

It is next contended that a departure from the essential requirements of law occurred when the Judge of the Civil Court of Record gave Charge No. 5 for the plaintiff, viz.:

"(5) The court instructs the jury that the law presumes that death was the result of an accident when nothing more is shown than that death was caused by a violent' and external injury, and the character of the injury is consistent with the theory of the accident. If the jury find from the evidence that Johnie Hines met his death from gunshot, and that the circumstances surrounding his death are consistent with a theory of it having been accidental, then your verdict must be for the Plaintiff."

It is settled law in this Court that in passing upon a single instruction it should be considered in connection with other charges bearing on the subject, and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction must fail. See: Lewis v. State, 55 Fla. 54, 45 So. 998. We cannot overlook the fact here in connection with this assignment that the trial court instructed the jury of its own volition and then gave instructions for the plaintiff and defendant bearing on this same subject.

The trial court of his own volition charged the jury, viz.:

"The Court charges you that because the evidence establishes the fact that Johnie Needam Hines died from a self-inflicted pistol shot, you are not on that account to assume that the shot was intentionally self-inflicted. That is, you are not on that account to assume that the deceased was a suicide. Such is not the law. On the contrary, under the law there arises a presumption that a self-inflicted wound producing death was the result of an accident, rather than from a premeditated design to effect one's death. But this presumption may be overcome or rebutted by proof satisfactory to the jury that the act causing death was in fact inten-

tionally committed. Then the presumption of accident disappears. '

"Here you have a case where both parties admit or rather, they both agree, that the deceased came to his death as the result of a self-inflicted pistol bullet wound. This fact is also established by the evidence beyond any question. If this were all there is to the case, that is, proof of death by a pistol shot self-inflicted, nothing more, then your finding on that phase of the case would have to do for the Plaintiff. for, in a case of death, though self-inflicted, without further proof of how the act took place or happened, showing it to have been intentional, a presumption would arise that the act was accidental."

Charges given at the request of plaintiff:

"(1) The court instructs the jury that the burden of proof is upon the plaintiff to show by a preponderance of the evidence that Johnie Hines shot himself accidentally. This does not mean that the plaintiff must show the fact by direct evidence, but, on the contrary, it may be proved by proper inference, and presumptions from the facts, and, in reaching a conclusion from the evidence, the jury should bear in mind that there is a well established presumption in law that death was not the result of suicide.

"(2) The court instructs the jury that if you find from the evidence, or by proper inferences drawn therefrom, that Johnie Hines shot himself accidentally, then your ·verdict must be for the plaintiff in the full amount of the policy sued upon.

"(3) The court instructs the jury that even though you find from the evidence that Johnie Hines met his death from a weapon in his own hands, there is a presumption of law that he shot himself accidentally and, unless you find from a preponderance of the evidence that he shot himself with

suicidal intent, your verdict must be for the plaintiff—that is, as applied to that portion of the defendant's defense made here.

"(4) The court instructs the jury that unless you find from a preponderance of the evidence that Johnie Hines shot himself with suicidal intent, the law will presume that his death was accidental and your verdict must be for the plaintiff.

"(5) The court instructs the jury that the law presumes that death was the result of an accident when nothing more is shown than that death was caused by a violent and external injury, and the character of the injury is consistent with the theory of accident. If the jury find from the evidence that Johnie Hines met his death from gunshot, and that the circumstances surrounding his death are consistent with a theory of it having been accidental, then your verdict must be for the plaintiff.

"(6) The court instructs the jury that the burden is on the defendant insurance company to establish by a preponderance of the evidence that Johnie Hines committed suicide, as applied to that plea of the defendant, and unless you so find, your verdict will be for the plaintiff."

Charges given at request of defendant:

"(1) You are instructed that if the insured, Johnie Needam Hines, died of a gunshot wound self-inflicted while he was in any degree under the influence of intoxicating liquors, that is a bar to recovery in this case, and if you find from a preponderance of the evidence that the insured shot himself while under the influence of intoxicating liquors in any degree, and that such act was in consequence of the use of intoxicating liquors, then you must find for the defendant.

"(2) You are instructed that if the insured, Johnie Needam Hines, while sane or insane, intentionally took or

destroyed his life, the defendant's liability is limited to the amount of $100.00, and if you find from a preponderance of the evidence that the insured died as a result of a gunshot wound intentionally self-inflicted with the intent to take his own life, then you shall find for the plaintiff, but her damages must be assessed only in the amount of $100.00.

"(3) You are further instructed, however, that if you find that the insured, Johnie Needam Hines, died as a result of a gunshot wound self-inflicted with the intent to take his life, and that the wound was inflicted while the insured was in any degree under the influence of intoxicating liquors, then you must find for the defendant."

It is not required that a single charge or instruction should contain all the law relating to the particular subject treated. It is necessary to consider all the charges and instructions given as an entirety. See Lewis v. State, 55 Fla. 54, 45 So. 998. We have examined the entire charge given by the trial court and particular attention has been given charges controlling the issues submitted or made by the defendant's pleas. We fail to find error in the charges considered as an entirety. See Mutual Life Ins. Co. of New York v. Johnson, 122 Fla. 567, 166 So. 442; Vanderpool v. Spruell, 104 Fla. 347, 139 So. 892; Des Rocker & Watkins Towing Co. v. Third Natl. Bank, 106 Fla. 466, 143 So. 768. While Dr. Hall testified that the insured told him that he shot himself intentionally, Theodore Suntance gave some testimony based on what insured told him: "I said, 'Hello, Johnie, what's the matter?' He (Johnie) said: 'I shot myself.' I said, 'What's wrong?' Johnie said, 'Oh,' and turned his head toward the ambulance." Other inferences or deductions appear in the record. We do not think the evidence sufficient to show that the insured intentionally shot himself. The defendant failed to meet the required tender of proof in support of its pleas.

It is next contended that a substantial departure from the essential requirements of the law occurred when the plaintiff, over defendant's objection, placed in evidence certain exhibits numbered 1, 2, 3, 4, 5, and 6. It appears that Exhibit number 6 is an affidavit of claim and proof of claim for benefits. It was contended there was no denial on the part of the defendant of proper proof. The purpose for offering it as evidence, as stated by plaintiff's counsel, was to establish a compliance with the terms of the policy as to notice or proof of loss. While it may be true that proof of loss was not made an issue by plea or pleas, the declaration contained the following allegation: "And thereafter on, to-wit, the 11th day of January, 1935, said Association received due proof of the happening of said accidental death, and although ninety days have passed since receipt of said proof by said Association and due demand has been made by plaintiff for the payment of the said sum * * *.". We have not been supplied with citation of authorities holding to the effect that there was a departure from the essential requirements of the law in admitting into evidence the aforesaid Exhibits. If error occurred, it was at the most harmless. See Section 4499 C. G. L. We are unable to find by an examination of the entire record where a wrong rule of law has been applied in the case at bar.

It is well established by the decisions of this Court that upon certiorari we cannot quash an appellate judgment of the Circuit Court unless it appears from the record that the Circuit Court, in the exercise of its appellate jurisdiction, has exceeded its jurisdiction, or did not proceed according to the essential requirements of the law, or violated established principles of law, or that the judgment of the Circuit Court reversing the Civil Court of Record is a palpable miscarriage of justice, or that the result is a substantial injury to the legal rights of the petitioners, or that the

judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law, which have resulted in prejudice and material harm to the petitioner. See Hunt v. Jacksonville, 34 Fla. 504, 16 So. 398, 43 Am. St. Rep. 214; First National Bank v. Gibbs, 78 Fla. 118, 82 So. 618; American Railway Exp. Co. v. Weatherford, 84 Fla. 264, 93 So. 740; Brinson v. Tharin, 99 Fla. 696, 127 So. 313; Security Finance Co. v. Gardener, 94 Fla. 549, 114 So. 232; Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 So. 483.

The judgment of the Civil Court of Record as affirmed by Honorables Worth W. Trammell and Jeffn. B. Browne, Judges of the Circuit Court of Dade County, Florida, comports with the essential requirements of the law, therefore, the writ of certiorari issued herein is quashed. It is so ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—I think Circuit Judge Barns was correct in his dissenting opinion to the effect that there was error in the admission in evidence of the proof of loss, in view of the fact that defendant admitted that proof of 'loss had been furnished, and the further fact that they contained self-serving declarations which tended to prejudice the defendant's case.

I am also of the opinion that there was prejudicial error in the Court's charges, in view of the testimony. These charges were inconsistent with the general principle that a presumption is not evidence, and ceases upon the introduction of substantial proof to the contrary. There was positive evidence introduced in this case, which, if believed by the jury, would have sustained a fiunding that the deceased had committed suicide.