CARROLL, CHAS., Chief Judge.
The appellant, Florida East Coast Railway Company, was defendant in an action for personal injuries brought by the ap-pellee William A. Watts under the Federal Employers’ Liability Act, '45 U.S.C.A., § 51 et seq. The trial resulted in a jury verdict for the plaintiff for $80,000 on which judgment was entered for the plaintiff. A motion for new trial was denied, and this appeal was duly taken. The parties will be referred to from time to time as designated in the trial court.
The plaintiff was severely burned while working as a boilermaker in defendant’s yard in Miami, in the course of making welding repairs inside a water tank in a diesel engine.
Plaintiff alleged that the place provided for him to work and the tools and equipment furnished were not reasonably safe. The defendant denied negligence, and pleaded a general release.
On consideration of the briefs and the-record, and with the benefit of oral argument, . this court concludes that the nine points raised by appellant, and the assignments of error upon which they are based, are without merit, and that appellant has failed in its burden to demonstrate error. On only three of these points do we find a need for discussion and comment in this opinion.
Under its point number one appellant assails a charge given by the court on the issues relating to the validity of the release. The charge on the subject of the release covered four pages of the typewritten record. The part quoted and challenged by the appellant was less than half of the full charge on the subject. In determining the correctness of the charge we looked not only at the portion which the appellant isolated, but examined and considered the entire charge given by the court. See Police & Firemen’s Ins. Ass’n v. Hines, 134 Fla. 298, 183 So. 831, 833; Wharton v. Day, 151 Fla. 772, 10 So.2d 417, 418; Adams v. Royal Exchange Assur., Fla.1953, 62 So.2d 591, 595. On reading the complete charge on the subject it is found that the issues relating to the release were presented to the jury on proper and adequate charges by the court.
Appellant’s second question contended that error resulted when the court, in charging the jury, omitted a portion of defendant’s requested charge No. 20. That charge dealt with the comparative negligence rule as applicable under 45 U.S.C.A. § 53, which includes the provision, “but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.”
The defendant’s counsel submitted a written request for a charge on comparative negligence, in order to obtain the benefit, in the event of recovery by the plaintiff, of reduction in damages in proportion to the amount of negligence which might be found on the part of the plaintiff employee. The record discloses that defendant’s requested charge No. 20 as presented to the court was as follows:
“In this case, what is known as the law of comparative negligence applies. Thus the fact that the plaintiff may have been guilty of contributory negligence, if you should find that he was, *125 will not prevent him from recovering if you also find that the defendant was guilty of negligence [proximately resulting in the injuries complained of.] However, you must reduce any award you may make by the amount that the negligence, if any, of the plaintiff contributed to his injury.”
The record shows the brackets inserted as above. They indicated an amendment to the charge as made by the defendant, eliminating the wording “proximately resulting in the injuries complained of.”
The record of the conference held pursuant to 31 F.S.A. rule 2.6(b) of 1954 Florida Rules of Civil Procedure, between the court and counsel with relation to the charges out of the presence of the jury, shows that the court overruled an objection of plaintiff’s counsel to defendant’s requested charge No. 20, and stated that the charge would be given as thus amended. On inspecting the charge given by the court as transcribed by the court reporter, it is seen that when the trial judge read this charge to the jury he stopped at the point where the brackets begin and he did not read the last sentence (evidently being under the impression, as he came to read it, that the brackets indicated elimination of the balance of the charge).
Thus, counsel for the parties were confronted with a situation where the court, after having ruled that a certain requested charge would be given, left out the last sentence in delivering that charge.
Appellant argues that the failure of the court to include the part of the charge which would have informed the jury that they should “reduce any award you may make by the amount that the negligence, if any, of the plaintiff contributed to his injury,” while charging them in effect that contributory negligence of the plaintiff, if they found such, would not prevent him from recovering, amounted to charging the jury that they should disregard any contributory negligence, and that therefore the verdict was not reduced as required because of plaintiff’s negligence. The appellee argues in response that the charge to the jury that comparative negligence was applicable, together with an explanation of the reduction feature as made by the appellant’s counsel in his argument to the jury, sufficiently acquainted the jury with the information enabling them to arrive at a proper verdict according to the law on the subject.
Appellant’s counsel answers that any benefit of such explanation to the jury by him was counterbalanced by the failure of the court to give such charge, after counsel had told the jury that the court would so instruct them on that feature.
Although the court had granted the request to give the charge, his failure to give a part of it amounted to a denial of the request for that part. It seems obvious that the failure of the court to read the last sentence of the charge was inadvertent, and such occurrence was understandable because the brackets and markings which had been inserted ahead of the last sentence of the requested charge, could lead one reading it to assume that the last part was excluded.
Under those circumstances it was the duty of counsel to call such omission to the attention of the court in a manner in which the court would be duly informed of what had occurred, and thus would have an opportunity to submit or resubmit his charge to the jury with the sentence which had been left out, and which he had intended to give. No objection was made to this “denial” or omission to give the charge or part of the charge at the time it occurred, nor was the fact of the omission called to the court’s attention at that time.
The record shows that after the giving of all charges was completed by the court, and after the jury had been sent by the court to the jury room, defendant’s counsel made certain comments to the court respecting this matter, but that counsel’s statements to the court were not sufficient to inform him adequately of what had hap *126 ¡pened. The following transpired with reference to this matter at the conclusion of ithe court’s charge to the jury:
“The Court: You may retire, gentlemen, to consider your verdict. (At 10:25 a. m., the jury retired to consider their verdict.)
“The Court: Let the record show that the same thing that I said previously about the objections goes here.
“Mr. Sullivan: Your Honor, I have •one question on this Charge 20.
“The Court: I have already said that you objected to all charges given and the charges not given as requested by you, and as requested by you, and you object to the charges as a whole. Do you have a special objection to ■that ?
“Mr. Sullivan: Your Honor, what I did yesterday was to amend this ■Charge 20 in part. I wanted to make ■clear in amending this Charge 20, I meant to leave in the last sentence.
“The Court: Yes.
Mr. Frates: Judge, unless they .ask for the exhibits, do you plan on ■sending them in ?
“The Court: Yes, I always do. If ■they don’t want them they don’t have to use them.
“Mr. Sullivan: Your Honor, is it all right if we withdraw these things marked for identification?
“Mr. Frates: Judge, if he will substitute photostatic copies of that particular file.
“The Court: Suppose we leave it ■until after the case.
“Mr. Frates: I have no objection ■if he substitutes photostatic copies.
“The Court: These are things that be did not introduce, were just marked •for identification.
“Mr. Frates: I think they still might be part of the file. You will have it and anything will be available if we want it.
“Mr. Sullivan: Yes.
“The Clerk: Your Honor, the jury has asked for a yellow pad of paper.
“The Court: Will you see if you can get counsel? I just wanted you attorneys to know the jury has asked for a yellow pad of paper. (At 2 o’clock p. m., the jury returned to the courtroom and the following proceedings were had:)
“The Court: Gentlemen, have you arrived at a verdict?
“The Foreman: We have, your Honor.”
It will be noted on examining the above quoted proceedings which occurred after the jury retired, that defendant’s counsel mentioned the omission to the court but did not press the point, and his failure to sufficiently inform the court appears obvious. It is also disclosed that the plaintiff’s counsel broke in with a change of subject, asking about the handling of exhibits, and that the conversation between court and counsel did not return to the question of the portion of charge No. 20 which the court had failed to give. See discussion of this problem in Garrett v. Faust, D.C.Pa.1949, 9 F.R.D. 482, 486.
We are forced to conclude that no proper objection was made, and that the court was not duly informed or furnished with a request or opportunity to complete the charge, either while the jury was still present or by recalling them for that purpose.
Counsel for defendant is not to be criticized for failure to move the court to include the omitted portion of the charge, either before or after the jury retired, because such procedure is not well charted by precedent. However, that is no *127 good reason upon which to base a demand for a retrial, when the situation could have been cured by counsel through the aforestated natural procedure.
By an appropriate amended assignment of error the appellant contends that the verdict was excessive. We disapprove the contention. Not much needs to be said on this question. At the time he was injured, the plaintiff Watts, who was 47 years old, had worked for the railroad for twenty years, and had a good reputation as a worker, having risen from laborer to boilermaker, in which occupation he was earning more than $350 a month. Considering his earning ability, his position with the railroad and his good health, the future earnings reasonably to be expected of which he was deprived were easy to calculate. He was able to do light work but the source and length of such employment now became a matter of doubt. This man had suffered severe burns over an extensive portion of his body, with the results to him which necessarily followed and will follow such injuries. In addition, he suffered an emotional disability assigned as being 25%, and he suffered other expenses, including past loss of earnings, in excess of $4,000.
This reference to his damage basis has not adequately described the circumstances of his injury, occurring by a searing fire in the confined recesses of a tank in the diesel engine where he was working, and of the area and- the extent of the burns which he suffered, and the treatment he was required to take for those burns and the physical results of them. All such matters were before the jury. They saw the parties and heard the testimony and rendered their verdict thereon. The able circuit judge who had the same opportunity to hear and observe the witnesses which the jury had, put his stamp of approval on the verdict, when its excessiveness was suggested to him on motion for a new trial.
We say here, as said by the Supreme-Court in Sproule v. Nelson, Fla.1955, 81 So.2d 478, 481:
“There is an element of speculation in most personal injury verdicts, but this is a matter for jury discretion. The court may review their discretion but not the amount awarded unless shown to be clearly arbitrary.”
Concluding as we do that the trial was-conducted without error we affirm the judgment.
HORTON and PEARSON, JJ., concur.