115 So.2d 566 (1959)
STATE BEVERAGE DEPARTMENT of Florida, and H.G. Cochrane, Jr., Director of State Beverage Department of Florida, Petitioners,
v.
ERNAL, INC., a Florida corporation, d/b/a Liberty City Amusement Park, Respondent.
No. 59-220.
District Court of Appeal of Florida. Third District.
November 12, 1959.
*567 John G. Hodges, Tampa, Paul A. Louis and Bertha L. Freidus, Miami, for petitioners.
Okell & Okell, Miami, for respondent.
CARROLL, CHAS., Judge.
The respondent, Ernal, Inc., a Florida corporation, doing business as Liberty City Amusement Park, was proceeded against by the State Beverage Department of Florida, under § 561.29, Fla. Stat., F.S.A., for revocation or suspension of its liquor license. Essentially respondent was accused of selling whiskey during prohibited hours on Sunday, June 9, 1957, and with permitting consumption of whiskey or gin on the premises on the same Sunday; in violation of § 562.14, Fla. Stat., F.S.A. The licensee *568 sought relief from an order of suspension entered by the director of the state beverage department, by filing a petition for certiorari in the circuit court. Upon hearing the matter, that court granted certiorari and quashed the director's suspension order. The state beverage department and its director then filed their petition for certiorari in this court, by which we are asked to review the circuit court's order.
The petitioners here argue that the circuit court, acting in its appellate capacity on review of the commission's order, departed from essential requirements of law by misapplying the law with reference to the proof necessary to support the findings in the director's order. In that contention the petitioners must be upheld.
On the review of the director's order by the circuit court, a material consideration was whether there was before him competent substantial evidence to support his findings and order. The circuit court on such review was not free to weigh or evaluate the evidence which had been presented to the director, but that court was charged with the duty to examine the record and determine whether the director's order was in accord with the essential requirements of law and whether the director had before him competent substantial evidence to support his findings and conclusions. De Groot v. Sheffield, Fla. 1957, 95 So.2d 912, 916; Florida Rate Conference v. Florida Railroad and P.U. Com'n, Fla. 1959, 108 So.2d 601, 606.
We take due note of the restrictions placed upon the scope of review by the Supreme Court or by this appellate court of such an order of the circuit court. By writ of certiorari here we are not authorized to review the circuit court judgment as on appeal, but only to determine whether its order "is illegal or is essentially irregular or prejudicial and materially harmful to the party duly complaining" by a departure from essential requirements of law. Mutual Ben. Health & Accident Ass'n v. Bunting, 133 Fla. 646, 183 So. 321, 325. Accord, Mutual Life Ins. Co. of New York v. Johnson, 122 Fla. 567, 166 So. 442; Police & Firemen's Ins. Ass'n v. Hines, 134 Fla. 298, 183 So. 831; Wolkowsky v. Goodkind, 153 Fla. 267, 14 So.2d 398. The rule that this court, on such a certiorari proceeding, will not consider the sufficiency of the evidence, or the weight and probative force of conflicting testimony, is subject to the exception that the evidence which was before the agency will be reviewed to determine whether the findings and conclusions of that body are supported by competent substantial evidence, when it is made to appear "that the circuit court adopted and enforced a wrong view of the law in reviewing the case on the evidence and that it applied such wrong rule of law to its own appellate consideration and weighing of the evidence." Mutual Life Ins. Co. of New York v. Johnson, supra, 166 So. at page 444.
The exception just mentioned is applicable in this instance, because the judgment on review shows that the circuit court did not determine the matter on the basis of the presence or absence of competent, substantial evidence to support the director's order, but proceeded to re-weigh and re-evaluate the evidence and conflicting testimony. The order of the circuit court included the following:
"The suspension order was based on a finding by the director as follows:
"`* * * that on Sunday, June 9, 1957, about 11:10 A.M., at the licensed premises, the president, Murray Blane, made three or four sales of package whiskey, during the hours said sales were prohibited by law, in violation of Section 562.14, Florida Statutes; that on Sunday, June 9, 1957, about 11:10 A.M., at the licensed premises, about 35 persons at the bar and 200 to 250 persons at tables in the main room of the licensed place of business were consuming drinks, most of which contained whiskey or gin, during the hours consumption of said mixed drinks were prohibited by law, in violation of Section 562.14, Florida Statutes.'

*569 "In support of the finding the Director apparently relied completely upon the testimony of Investigator Peyton, the sole witness produced by the respondents, who testified he observed sales of package whiskey in the premises on a Sunday by one Murray Blane, the president of petitioner corporation. However, no testimony as to any sale transaction was offered by any alleged buyer nor was any merchandise involved in any sale produced. Moreover, any such sale was denied by the designated seller, Murray Blane.
"Such a quantum of proof does not appear to meet the essential requirements of law and cannot be accepted as a basis for the order of suspension.
"The testimony pertaining to consumption of liquor on the premises on the same date is somewhat more persuasive in that the investigator produced an opened bottle of scotch and of gin taken from the premises on the same date. However, despite the charge that over 200 persons were present on the premises consuming drinks, most of which contained whiskey or gin, a detailed study of the record fails to disclose a single item of testimony that any intoxicating liquor was consumed by any person on the premises at the time in question. Section 562.14, Florida Statutes, prohibits the sale, consumption or service of alcoholic beverages at certain specified times. The proof of consumption also falls short of the quantum necessary to sustain the charges and the findings of the Director."
In the case of De Groot v. Sheffield, supra, Fla. 1957, 95 So.2d 912, 916, the Supreme Court discussed the term competent substantial evidence, describing it as "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion," and further stated as follows:
"* * * In employing the adjective `competent' to modify the word `substantial,' we are aware of the familiar rule that in administrative proceedings the formalities in the introduction of testimony common to the courts of justice are not strictly employed. Jenkins v. Curry, 154 Fla. 617, 18 So.2d 521. We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the `substantial' evidence should also be `competent.' Schwartz, American Administrative Law, p. 88; The Substantial Evidence Rule by Malcolm Parsons, Fla.Law Review, Vol. IV, No. 4, p. 481; United States Casualty Company v. Maryland Casualty Company, Fla. 1951, 55 So.2d 741; Consolidated Edison Co. of New York v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126."
We have examined the testimony which was presented before the director. There was, as indicated by the circuit court's order, direct testimony of a witness as to the commission of the alleged violations of the law which were involved in the proceedings before the director. There was no basis on which to conclude that such testimony of the one witness, who was a beverage department investigator, was not competent and substantial, or that it must have corroboration by other witnesses. The effect of conflicting evidence and questions as to the weight and evaluation of the testimony were for the director, whose findings thereon and conclusions were entitled to stand, unless it was made to appear that the director departed in some manner from the essential requirements of law or that the decision he reached was not supported on the record before him by competent substantial evidence. See Schott v. Brooks, Fla. 1952, 56 So.2d 456.
We conclude, therefore, that the learned circuit judge departed from essential requirements of law in this instance in his *570 consideration of the evidence and the scope of his review. Certiorari is granted; the order of the circuit court is quashed, and the order of the director of the State Beverage Department of Florida, dated December 5, 1957, is reinstated.
It is so ordered.
HORTON, C.J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.