SWANN, Judge.
The petitioner seeks certiorari from an order of the Director of the State Beverage Department of Florida. The order revoked its alcoholic beverage license, after a hearing, on a notice to show cause.
The petitioner was charged with twenty-four separate violations of the laws of Florida, ranging from employees soliciting alcoholic beverages, to indecent exposure; and to offers of employees of the defendant to commit or engage in prostitution.
The final order of the Director of the Beverage Department dismissed seven of the twenty-four charges, but found that there was good and sufficient cause for the revocation of petitioner’s alcoholic beverage license on the remaining charges.
An examination of the record shows that the petitioner at the final hearing produced no witnesses, or evidence, but presented' its case by cross-examination of the witnesses for the Beverage Department.
Petitioner, in certiorari, contends that the Director erred in his order of revocation as there was not substantial competent *464 evidence supporting the charges which were found to be true.
The scope of review of this type of case, on certiorari, has been carefully delineated by Judge Allen in Pauline v. Lee, Fla.App.1962, 147 So.2d 359 in which he stated on Page 363 as follows:
“In the exercise of a quasi-judicial function where a decision is reached after a full hearing conducted pursuant to notice, such as was the case here, the findings of an administrative agency ordinarily will only be overturned on review upon a showing that they are not supported by substantial competent evidence. United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; Nelson v. State [ex rel. Quigg] (1945), 156 Fla. 189, 23 So.2d 136, cert. denied 327 U.S. 790, 66 S.Ct. 809, 90 L.Ed. 1016; Schott v. Brooks, Fla.1952, 56 So.2d 456; Florida Industrial Commission v. Nordin, supra, DeGroot v. Sheffield, Fla.1957, 95 So.2d 912, defining substantial evidence as such evidence as a reasonable man would accept as adequate to support a conclusion. It is not incumbent upon the reviewing court to resolve conflicts in the testimony adduced before an administrative tribunal. Evidence is weighed by the administrative agency and not by the courts. Florida Rate Conference v. Florida Railroad & Public Utilities Commission, Fla.1959, 108 So.2d 601. Nor, if it were so inclined (which, on the record here presented, this court is not) should the court substitute its judgment for that of the administrative fact finder who heard the testimony and was in a position to evaluate the credibility of witnesses. Pritchett v. Florida Real Estate Commission, Fla.App.1962, 143 So.2d 45.”
The petitioner contends that there was no proof of the purchase of an “alcoholic beverage” to support the charges in numbers One, Two, Fourteen, Fifteen and Twenty-One, in which employees of the petitioner are alleged to have solicited patrons to purchase an alcoholic beverage. A careful examination of the testimony of the witnesses, in reference to these charges, appear to substantiate this claim. The testimony indicated that the beverage purchased was either non-alcoholic or that the witnesses did not know if the beverage was alcoholic. It is our opinion that the testimony in support of these charges would not support the definitions of “substantial evidence” as set forth above.
We have examined the remaining twelve charges and find that they are supported by substantial competent evidence in the record to come within the rationale of Judge Charles Carroll in State Beverage Department v. Ernal, Inc., Fla.App.1959, 115 So.2d 566, which held:
“We have examined the testimony which was presented before the director. There was, as indicated by the circuit court’s order, direct testimony of a witness as to the commission of the alleged violations of the law which were involved in the proceedings before the director. There was no basis on which to conclude that such testimony of the one witness, who was a beverage department investigator, was not competent and substantial, or that it must have corroboration by other witnesses. The effect of conflicting evidence and questions as to the weight and evaluation of the testimony were for the director, whose findings thereon and conclusions were entitled to stand, unless it was made to appear that the director departed in some manner from the essential requirements of law or that the decision he reached was not supported on the record before him by competent substantial evidence. See Schott v. Brooks, Fla.1952, 56 So.2d 456.”
We conclude that there was substantial competent evidence in the record to sustain the findings and conclusions of the *465 Director in revoking the alcoholic beverage license of the petitioner and that his order was in accord with the essential requirements of the law.
The petition for writ of certiorari must be and it is hereby
Denied.