319 So.2d 18 (1975)
Barry L. HUGHES, Petitioner,
v.
PUBLIC FINANCE SERVICE, INC., et al., Respondents.
No. 45537.
Supreme Court of Florida.
May 7, 1975.
Rehearing Denied October 20, 1975.
*19 Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for petitioner.
Charles L. Rowe and Majorie D. Gadarian, Jones, Paine & Foster, West Palm Beach, for respondents.
LEE, J. CAIL, Circuit Judge.
By Petition for a Writ of Certiorari, we have for review an Order of the Industrial Relations Commission dated April 15, 1974, reversing the Order of the Judge of Industrial Claims on the basis that there was not "competent substantial evidence to sustain the findings of the Judge of Industrial Claims `that the claimant did not realize that his injuries were compensable under workmen's compensation' [and that] the Judge was in error in finding that the failure of [Petitioner] to put [Respondents] on notice prior to the settlement of this claim against the third party tort-feasor was not prejudicial" ...
We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Petitioner was manager of a branch office of the Respondent finance company and left his office on August 7, 1972, at which time the automobile accident of which this matter is a result occurred. Petitioner testified that he was on his way to call on delinquent accounts, which was not *20 uncommon. The Judge of Industrial Claims found this to be true, as well as the fact that the employer was notified of the accident the following day. Since Petitioner was then hospitalized for 59 days following the accident, it would be passing strange if the employer should be without actual knowledge of the injury, although neither employee nor employer seemed to realize that it was compensable.
Approximately 5 months after the accident, and 2 days after reaching a settlement with the third party tort-feasor, the instant claim for compensation was filed. The Judge found that Petitioner did not realize his injuries were compensable until such time and that the employer-Respondent was not prejudiced by the late notice. The Industrial Relations Commission held that this was not supported by the evidence and therefore reversed.
We must determine if there was substantial competent evidence to support the findings of the Judge of Industrial Claims, and, if so, did the Commission depart from the essential requirements of law in overturning the factual determinations of the designated trier of fact.
The Respondent-carrier urges that its right of subrogation against the third party tort-feasor was lost because of the late notice. It has been made clear both to the Judge of Industrial Claims and this Court that no funds have been disbursed to the Petitioner from the settlement and Respondent-carrier's claim of prejudice in this aspect of the matter must fall. We have found no other claim of prejudice or any evidence of any such damage to warrant setting aside the findings of the Judge.
A careful examination of the evidence reveals ample support for the Order of the Judge, and that the Commission was not justified in setting it aside.
We therefore find, upon our review of the record, that the Industrial Relations Commission has departed from the essential requirements of law in invading the province of the trier of fact.
Therefore, the Writ of Certiorari is granted, the Order of the Industrial Relations Commission is quashed, the Order of the Judge of Industrial Claims is reinstated.
It is so ordered.
ROBERTS, McCAIN and OVERTON, JJ., and CREWS and McCRARY, Circuit Judges, concur.
ADKINS, C.J., concurs with opinion.
ADKINS, Chief Justice (concurring):
I concur in the majority opinion.
The Supreme Court of Florida has never definitively addressed the question whether under the traditional concept of common law certiorari an appellate court departs from the essential requirements of law when it reverses a lower court's judgment, there being competent substantial evidence to support that judgment. This question necessarily involves a consideration of the propriety vel non of this Court looking beyond the face of the record to the evidence in support of the trial court's judgment.
By writ of certiorari the Court is not authorized to review the judgment of the inferior appellate court as on appeal, but only to determine whether its order "is illegal or is essentially irregular or prejudicial and materially harmful to the party duly complaining" by a departure from essential requirements of law. Mutual Ben. Health & Accident Ass'n v. Bunting, 133 Fla. 646, 183 So. 321 (1938). Accord, Mutual Life Insurance Co. of New York v. Johnson, 122 Fla. 567, 166 So. 442 (1936); Police and Firemen's Insurance Assoc. v. Hines, 134 Fla. 298, 183 So. 831 (1938).
On review of orders of the Judge of Industrial Claims, the Industrial Relations Commission serves as an appellate court, *21 and the method of review is in the manner of an appeal. Scholastic Systems v. LeLoup, 307 So.2d 166 (Fla. 1974). In Police and Firemen's Insurance Assoc. v. Hines, supra, we said that on certiorari this Court will quash an appellate reversal of a lower court where it appears that the judgment of the appellate court is violative of established principles of law. It is well established that upon review by appeal, the reviewing court does not re-weigh the evidence, and the lower court will not be reversed on the facts if there is competent substantial evidence to support the findings. See 2 Fla.Jur., Appeals, § 346 to 348, pp. 721-731, and cases cited therein. See also, United States Casualty Co. v. Maryland Casualty Co., 55 So.2d 741 (Fla. 1951), where we held that in compensation proceedings, the Industrial Relations Commission should not reverse findings of fact made by a deputy commissioner unless it appears that those findings are clearly erroneous and that they are not sustained by competent substantial evidence. Most recently, in Colvin v. State of Florida Department of Transportation, 311 So.2d 366 (Filed March 12, 1975), we applied the traditional rule of "presumption of correctness" of JIC findings and awards or denials thereof.
It follows that the reviewing authority departs from the essential requirements of law when it reverses an inferior court's judgment which is supported by competent substantial evidence. A case precisely on point is State Beverage Department v. Ernal, Inc., 115 So.2d 566 (Fla.App.3d, 1959), where the Third District Court held that the circuit court, sitting as an appellate court in review of an order of the State Beverage Department, departed from the essential requirements of law in reweighing the evidence presented to the director of the Department. In quashing the circuit court's order of reversal, the Third District Court said:
"On the review of the director's order by the circuit court, a material consideration was whether there was before him competent substantial evidence to support his findings and order. The circuit court on such review was not free to weigh or evaluate the evidence which had been presented to the director, but that court was charged with the duty to examine the record and determine whether the director's order was in accord with the essential requirements of law and whether the director had before him competent substantial evidence to support his findings and conclusions... .
"The rule that this court, on such a certiorari proceeding, will not consider the sufficiency of the evidence, or the weight and probative force of conflicting testimony, is subject to the exception that the evidence which was before the agency will be reviewed to determine whether the findings and conclusions of that body are supported by competent substantial evidence, when it is made to appear `that the circuit court adopted and enforced a wrong view of the law in reviewing the case on the evidence and that it applied such wrong rule of law to its own appellate consideration and weighing of the evidence.' Mutual Life Ins. Co. of New York v. Johnson, supra, 166 So. at page 444.
"The exception just mentioned is applicable in this instance, because the judgment on review shows that the circuit court did not determine the matter on the basis of the presence or absence of competent, substantial evidence to support the director's order, but proceeded to re-weigh and re-evaluate the evidence and conflicting testimony... .
"We conclude, therefore, that the learned circuit judge departed from essential requirements of law in this instance in his consideration of the evidence and the scope of his review." (Emphasis supplied.) 115 So.2d at 568-570.
*22 Our decision in this case should in no manner be construed as an erosion of the rule announced in Scholastics. To the contrary, this decision is consonant with the Scholastics' rule that appellate review of Industrial Relations Commission cases will henceforth be based upon traditional certiorari grounds. Our review of the evidence will be for no other purpose than to determine whether the findings of the Judge of Industrial Claims were supported by competent substantial evidence.