ALLEN, Judge.
Nellie E. Rasey, a widow, died testate on April 16, 1950. Her will makes bequests to relatives and leaves the residue in trust for the use of Mrs. Rasey’s only child, Helen M. Rasey, for her life. The remainder of the trust corpus is left to charities. The testatrix died within six months after the execution of her last will and testament, apparently bringing such charitable bequests within the provisions of Section 731.19, F.S. 1949, F.S.A.
Appellant, Syracuse University, is one of the charities designated to receive the remainder of the corpus of Nellie E. Rasey’s testamentary trust. The appellant, as petitioner below, filed its petition in the Court of the County Judge of Broward County, Florida, pursuant to F.S. § 745.23, F.S.A., in which the other charitable remaindermen substantially joined. A Circuit Judge of Broward County sat in the place of the County Judge who was disqualified. The Circuit Judge sitting as the County Judge entered an order adverse to the petitioner on the 13th of April, 1956, and a supplementary order entered May 7, 1956.
An appeal was filed May 11, 1956 to the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Broward County. October 4, 1957, the Circuit Court, by its order, affirmed the order of the County Judge’s Court.
The appellees filed a motion to dismiss the appeal on certain grounds, which it is not necessary to pass on here, as this court, at the time of the oral argument on appellees’ motion, raised the question of whether a district court of appeal has jurisdiction to hear an appeal taken from a decision of a circuit judge, who was sitting as an appellate judge on an appeal from a County Judge’s Court, in probate, taken prior to July 1, 1957, but whose decision was entered and an appeal therefrom taken to this court, after July 1, 1957.
F.S. § 732.15, F.S.A., provides:
“(1) All orders, judgments, and decrees of the county judge finally deter- : mining rights of any party in any particular proceedings in the administration of the estate of a decedent may, as a matter of right, be appealed to the circuit court and from the circuit court to the supreme court.
“(2) In the event of a circuit judge’s sitting as a county judge as provided in § 732.05, the appeal from any order, judgment, or decree of such circuit judge sitting as a county judge shall be to the circuit court and from the circuit court to the supreme court.”
Constitutional authority for appealing to circuit courts from probate courts was provided by former Article V, Section 11. Article V, Section 5(c), Fla.Const., as amended and approved at the general election of November, 1956, became effective July 1, 1957, F.S.A., and provides, with reference to the jurisdiction of the District Courts of Appeal, as follows:
“Appeals from trial courts in each appellate district, and from final orders or decrees of county judge’s courts pertaining to probate matters or to estates and interests of minors and incompetents, may be taken to the court of appeal of such district, as a matter of right, from all final judgments or decrees except those from which appeals-may be taken direct to the supreme court or to a circuit court.
❖ * * * * *
“ * *= * A district court of appeal may issue writs of mandamus, certio-rari, prohibition, and quo warranto, and' also all writs necessary or proper to the complete exercise of its jurisdiction.”
In the case of Codomo v. Shaw, Fla.1958, 99 So.2d 849, 851, the Florida Supreme Court held that the statutory right of appeal to the circuit court from a final order of the Real Estate Commission (Section 475.35, Fla.Stat., F.S.A.) was removed by elimination of the constitutional provision giving circuit courts'jurisdiction of such matters as the Legislature might provide; that such *906 statute was superseded by the appellate rule providing that appellate review of rulings of any commission or board shall be by cer-tiorari; and that, therefore, appeal would not lie to circuit courts from final orders of the Real Estate Commission suspending registration of real estate brokers.
The Court, in its opinion, said:
“We next consider the possibility of an appeal to the circuit court pursuant to F.S. § 475.35, F.S.A., supra. We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters 'and of such other matters as the Legislature may provide’. Thus the authority upon which F.S. § 475.35, F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, accordingly, must fall. If this were not enough to convince us that F.S. § 475.35, F.S.A., had been repealed, we would reach the same conclusion on another ground, namely, that the Ap-ellate Rules (Rule 1.4 [31 F.S.A.]) ‘shall supersede all conflicting rules and statutes’ and such rules provide (Rule 4.1) that ‘All appellate review of the rulings of any commission or board shall be by certiorari * * *.’
“If statutory appeal from an order of the Florida Real Estate Commission may no longer be brought, and if review of such order must be accomplished by certiorari, is there any jurisdiction left in the circuit court to entertain such a proceeding? We •.think that there is.”
The decision of the Supreme Court in the case of Codomo v. Shaw, supra, is controlling as to the effectiveness of F.S. § 732.15, F.S.A.
We find no authority in the constitution for an appeal to this court from a decision of the circuit court sitting as an appellate court under F.S. § 732.15, F.S.A. Therefore, the next question that arises is whether this court may review the circuit court’s action in this case, within our constitutional powers, by certiorari. We think we have such power and so hold. See Alliance for Conservation of Natural Resources in Pinellas County, Florida v. Furen, Fla.App., 104 So.2d 803.
Chapter 23826, Laws of Florida, Acts of 1947 (F.S. § 59.45, F.S.A.), provides:
“If an appeal be improvidently taken where the remedy might have been more properly sought by certiorari, this alone shall not be ground for dismissal; but the notice of appeal and the record therein shall be regarded and acted on as a petition for certio-rari duly presented to the supreme court.”
We should point out that in the Furen case, above, counsel questioned whether the specific reference to the Supreme Court in Chapter 23826, above, affected our authority thereunder. We held there, as we hold here, that the substance of such act is to permit an appellate court to construe an appeal as a petition for certiorari.
Since we shall treat the appeal and the record as a petition for certiorari, we shall deny the motions heretofore filed in this cause to dismiss the appeal.
ICANNER, C. J., and SHANNON, J., concur.