ALLEN, Judge.
The appellants appealed an order to the Circuit Court in which the County Judge’s Court in and for Palm Beach County, Florida, in probate, denied compensation to them. The appeal was filed on the 8th day of October, 1956. Subsequently, after July 1, 1957, the circuit court entered an order affirming the probate court. On December 13, 1957, the appellants filed their notice of appeal to this court.
The parties to this appeal appeared before this court on motion day to argue motions of the appellees to quash and to affirm the orders of the circuit court. At the time of the oral arguments, this court raised the question of the jurisdiction of this court to hear an appeal from a circuit court which has exercised its appellate jurisdiction under the circumstances presented by this case. Additional time was allowed the parties to the cause to file briefs on the jurisdiction of this court, and such briefs have been furnished and studied by this court.
Previous to the oral arguments above referred to, this court had considered a similar question of jurisdiction in the case of In re Estate of Rasey, Fla.App., 105 So.2d 904, which also involved an appeal from a probate court to the circuit court and from the circuit court to this court. The Rasey case also arose in Bro-ward County. In our opinion, filed this date in said case, this court held that it did not have jurisdiction to hear an appeal from a circuit court sitting as an appellate court in a probate case. The facts in the Rasey case, supra, are similar to the facts in this case, to-wit: An appeal was properly taken from the probate court to the circuit court prior to July 1, 1957; the circuit court handed down its decision after July 1, 1957; and an appeal was taken to the district court of appeal.
In the case of In re Estate of Rasey, supra, we said:
“In the case of Codomo v. Shaw, Fla.1958, 99 So.2d 849, 851, the Florida Supreme Court held that the statutory right of appeal to the circuit court from a final order of the Real Estate Commission (Section 475.35, Fla.Stat.) was removed by elimination of the constitutional provision giving circuit courts jurisdiction of such matters as the Legislature might provide; that such statute was superseded by the appellate rule providing that appellate review of rulings of any commission or board shall be by certiorari; and that, therefore, appeal would not lie to circuit courts from final orders of the Real Estate Commission suspending registration of real estate brokers.
“The Court, in its opinion, said:
“ ‘We next consider the possibility of an appeal to the circuit court pur *910 suant to F.S. § 475.35, F.S.A., supra. We note that former Article V, Section 11, of the constitution provided for final appellate jurisdiction in the circuit courts as to certain specified matters “and of such other matters as the Legislature may provide”. Thus the authority upon which F.S. § 475.35, F.S.A., rested was clear. The quoted language, however, was eliminated from new Article V, Section 6 (the present counterpart of former Section 11) in connection with final appellate jurisdiction, although this language was retained in connection with original jurisdiction. This elimination of the enabling language, to our mind, demonstrates an intention on the part of the framers to remove the support for F.S. § 475.35, F.S.A., and the statute, ' accordingly, must fall. If this were not enough to convince us that F.S. § 475.35, F.S.A., had been repealed, we would reach the same conclusion on another ground, namely, that the Appellate Rules (Rule 1.4 [31 F. S.A.]) “shall supersede all conflicting rules and statutes” and such rules provide (Rule 4.1) that “All appellate review of the rulings of any commission or board shall be by certiorari * * *»
“ ‘If statutory appeal from an order of the Florida Real Estate Commission may no longer be brought, and if review of such order must be accomplished by certiorari, is there any jurisdiction left in the circuit court to entertain such a proceeding? We think that there is.’
“The decision of the Supreme Court in the case of Codorno v. Shaw, supra, is controlling as to the effectiveness of F.S. § 732.15, F.S.A.
“We find no authority in the constitution for an appeal to this court from a decision of the circuit court sitting as an appellate court under F.S. § 732.15, F.S.A. Therefore, the next question that arises is whether this court may review circuit court’s action in this case, within our constitutional powers, by certiorari. We think we have such power and so hold. See Alliance for Conservation of Natural Resources in Pinellas County, Florida v. Furen, Fla.App., 104 So.2d 803.”
 The appellants contend that since the original appeal to the circuit court had taken place before July 1, 1957, the effective date of amended Article V, that it was a “proceeding commenced prior to July 1, 1957, and should be governed by rules theretofore in effect”.
Rule 1.1 of the Florida Appellate Rules, 31 F.S.A., provides:
“These rules are adopted pursuant to the constitutional and inherent powers of the Supreme Court of Florida. From their effective date they shall govern all proceedings in the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of their appellate jurisdiction. All rules shall apply equally to all such courts unless specifically limited to one court.”
It is also worth noting that the Constitution, which specifically provides for jurisdiction of the various courts, became effective the first day of July, 1957, as shown by Section 26 of Article V:
“This Article shall become effective on the first day of July, 1957 and shall replace all of Article V, and shall supersede any other provisions of the present constitution of Florida in conflict herewith, which shall then stand repealed.”
Any rule relating to jurisdiction must be considered with reference to the Constitution.
The opinion of this court is that the word “proceeding” refers to any proceeding in the appellate court and not in the lower courts and refers specifically to any appeal taken after the first day of July, 1957.
*911 We shall deny the motion to quash and to affirm and shall treat the notice of appeal and the transcript as a petition for certiorari.
KANNER, C. J., and SHANNON, J., concur.