SHANNON, Judge.
This is an appeal from a final judgment of the Circuit Judge affirming an order of the County Judge admitting a will to probate.
The County Judge in a will contest proceeding entered final judgment on May 15, 1957, admitting to probate a will dated June 6, 1956, which decree was appealed to the Circuit Court within thirty days. The Circuit Judge entered a final decree on October 6, 1958, affirming the County Judge’s decision.
The appellee contends that this court cannot consider this appeal in view of the fact that the effective date of amended Article V of the Florida Constitution was July 1, 1957, F.S.A. The appellant on the other hand takes the position that since he had appealed to the circuit court before July 1, 1957, that we should be governed by the rule? theretofore in effect.
We had the same question before us in two cases — In re Juen’s Estate (Farish v. Microutsicos), Fla.App.1958, 105 So.2d 908, and In re Juen’s Estate (Moore v. Microutsicos), Fla.App.1958, 105 So.2d 911. In the first cited Juen’s Estate case Judge Allen, writing the opinion for this court, stated [105 So.2d 910]:
“Rule 1.1 of the Florida Appellate Rules, 31 F.S.A., provides:
“ ‘These rules are adopted pursuant to the constitutional and inherent powers of the Supreme Court of Florida. From their effective date they shall govern all proceedings in the Supreme Court, the district courts of appeal, and the circuit courts in the exercise of their appellate jurisdiction. All rules shall apply equally to all such courts unless specifically limited to one court.’
“It is also worth noting that the Constitution, which specifically provides for jurisdiction of the various courts, became effective the first day of July, 1957, as shown by Section 26 of Article V:
“ ‘This Article shall become effective on the first day of July, 1957 and shall replace all of Article V, and shall supersede any other provisions of the present constitution of Florida in conflict herewith, which shall then stand repealed.’
“Any rule relating to jurisdiction must be considered with reference to the Constitution.
“The opinion of this court is that the word ‘proceeding’ refers to any proceeding in the appellate court and not in the lower courts and refers specifically to any appeal taken after the first day of July, 1957.”
And commenting on the court’s holding in that case Judge Allen further stated in the second Juen Estate case (105 So.2d at pages 911 and 912):
“The facts and law, insofar as they relate to the jurisdiction of this court on this appeal are similar to those appearing in the case of In the Matter of the Estate of Juen (Farish v. Microutsicos), 105 So.2d 908, which was this day decided by this court and in which we held that we have no jurisdiction of an appeal from the circuit court which, sitting as an appellate court, had affirmed an order of the probate court, where the order of the probate court had been properly appealed to the circuit court prior to July 1, 1957, the effective date of Article V of the Constitution of Florida, F.S.A. See also Appeal of Syracuse University (In the Matter of the Estate of Rasey), Fla.App., 105 So.2d 904, decided this date, where a similar question of fact and law existed.”
We shall treat the appeal in this case as a petition for writ of certiorari, as provided by § 59.45, Florida Statutes, F.S. A. This case comes to us primarily as one of fact. Under the rules applicable to petitions for certiorari we would not be justified in substituting our opinion in lieu of *642 the opinion of the chancellor who affirmed the county judge, where, as here, his order is supported by competent substantial evidence. Therefore, we deny the petition.
Certiorari denied.
ALLEN, C. J., and REVELS, P. B., Associate Judge, concur.